**Matthew Dean MOORE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 01–89–00150–CV.**

Court of Appeals of Texas, Houston (1st Dist.)

June 21, 1990.

Merry Miller, Houston, for appellant.

Michael W. Cooper, Houston, for appellee.

Before SAM BASS, O'CONNOR and DUNN, JJ.

## ON MOTION FOR REHEARING

DUNN, Justice.

We deny the motion for rehearing, withdraw our earlier opinion dated April 26, 1990, issue this opinion, and reverse and remand to the trial court.

Matthew Dean Moore, appellant, appeals the trial court's judgment on the jury verdict that he take nothing from State Farm Mutual Automobile Insurance Company, appellee.

On November 23, 1984, appellant was involved in an accident with Mark McDonald. The collision occurred when a westbound trailer, being hauled by McDonald, came loose and crossed over into the eastbound lane, striking appellant's automobile. Appellant has no recollection concerning what happened on the day of the accident.

As a result of the collision, appellant suffered numerous injuries that required surgery. Following appellant's discharge from the hospital, he was confined to a wheel chair for about four months. He returned to work, on light duty, in June 1985.

Donald Hardy, a builder and inspector of trailers, testified that he did not see the accident, but upon an inspection of the trailer coupling, he determined that the bolt underneath the ball had loosened and come apart; that the hitch required a two-inch ball in the socket; that a 1⅞-inch ball had been put in a two-inch socket; that, in his opinion, the use of the wrong size ball in the two-inch socket, combined with the roughness of the road on which McDonald was driving, would cause the bolt to come loose from the trailer hookup and the trailer to disengage. He stated that when he examined the trailer, the ball was detached from the bumper, but the ball and socket were locked together; and that the ball had come loose from the bumper because the bolt came out.

Anthony Evans, a Department of Public Safety trooper, testified that after investigating the accident, he was of the opinion that, when the trailer ball connecting the trailer to the vehicle McDonald was driving broke, it caused the trailer to break loose and collide with appellant's automobile; that McDonald might have prevented the accident if he had put safety chains on the trailer connected to the vehicle, although safety chains are not required by law; that it was McDonald's responsibility to properly hook up his equipment; that he could not say how or why the ball broke and caused the accident; and that he could not form an opinion whether McDonald failed to exercise good, safe, and prudent driving habits.

When Evans was asked what McDonald told him during the investigation, he responded, without objection, that "He said he hit a bump and the trailer broke off from the vehicle and swerved into the other lane of traffic."

In appellant's first point of error, he contends the trial court erred in entering judgment on the verdict, and overruling his motion to disregard the jury's finding's on special issues and motion for new trial. Appellant also asserts that the jury's findings of no negligence and zero damages on special issues 1 and 2(a), (b), (c), (e), (f), and (j) were against the great weight of the evidence. These issues included (1) liability; (2) physical pain and mental anguish, past and future; (3) past physical impairment; (4) past and future disfigurement, and (5) loss of future earning capacity.

In reviewing a great weight point, this Court must examine all the evidence to determine if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that the verdict is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920, 923 (Tex.App.—Houston [1st Dist.] 1988, no writ). Because the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), the court of appeals may not substitute its opinion for that of the trier of fact merely because it might have reached a different fact conclusion. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988).

We will first consider whether the jury's finding of no liability was against the preponderance of the evidence. To sustain a cause of action for negligence, it is necessary to produce evidence of a duty, breach of that duty, proximate cause, and damage. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex.1984). Thus, the plaintiff has the burden of proving facts sufficient to support the legal conclusion that the defendant owed a legal duty to the

plaintiff, which it violated. *Shell Oil Co. v. Songer*, 710 S.W.2d 615, 617 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Negative answers by the jury to special issues mean, in law, that the party failed to carry its burden of proof. *Offer v. Transamerica Title Ins. Co.*, 653 S.W.2d 373, 375 (Tex.App.—San Antonio 1983, no writ). Evidence is not required to support the negative answer. *Offer*, 653 S.W.2d at 375.

We note that appellant alleges general acts of negligence in his pleadings. *National Union Fire Ins. Co. v. Wallace*, 118 S.W.2d 609, 611 (Tex.Civ.App.—Austin 1938, no writ). Further, it has been held that elements of a cause of action may be established by circumstantial evidence, and if a cause is shown that might produce an event and that event did occur, it may be inferred that the known possibility produced the result. *J. Weingarten, Inc. v. Obiedio*, 515 S.W.2d 308, 311 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). In this case the character of the accident is such that it would not ordinarily occur in the absence of negligence and the instrumentality causing the injury is shown to have been under the control and management of McDonald.

Appellant testified that he had no recollection of the accident, and McDonald was not present to testify at trial. The evidence in this case established that McDonald's trailer came loose from his automobile and swerved into appellant's automobile, which was traveling in the opposite direction, and caused damage. Furthermore, the evidence showed that a 1⅞-inch ball and a two-inch socket were used in the connection of the trailer to McDonald's automobile. There was no evidence concerning who was responsible for the connection. The record shows that McDonald was driving his automobile, hauling the trailer, on a rough road, and hit a bump. The trailer came loose and collided with Moore's automobile. Hardy, who had several years of experience with trailers, testified the different size of the ball and the socket, coupled with the roughness of the road, caused the bolt to come loose from the trailer hookup. Evans stated that it was McDonald's duty to properly hook up his equipment.

After examining all the evidence, we find that placing the wrong size ball in a two-inch socket to hook up a trailer, driving on a rough road, and hitting a bump in the road, in this case are such circumstances that demonstrate negligence on the part of McDonald, who was in control of the instrumentality, i.e., the trailer, which caused the accident. We note that there was no evidence before the jury of any other cause of this accident. Thus, the jury's finding of no negligence is against the great weight and preponderance of the evidence. Since we have found that the verdict is against the great weight of the evidence, we will not address whether the jury's findings on damages are also against the great weight of the evidence. Tex.R.App.P. 81(b)(1).

Appellant's first point of error is sustained.

In appellant's second and fifth points of error, he contends that the trial court erred and abused its discretion in failing to hold that the policies of insurance "stack." Appellant argues that he should be allowed to "stack" the separate insurance policies issued to his sister and father, because he lives in the same household as his sister and father, and as such, he is a "covered person" under their policies.

State Farm alleged in its pleadings that the exclusion provision in its policy prevents appellant from recovering under the policies of Maureen or Charles Moore.

At the time of the collision, appellant was insured with appellee in the amount of $25,000 for injuries sustained by an uninsured/underinsured motorist, and in the amount of $2,500 for personal injury protection. At the time of the accident, appellant was operating a vehicle which he owned.

Maureen Moore, appellant's sister, and Charles Moore, appellant's father, were insured, under separate policies with appellee in the amount of $100,000 each for uninsured/underinsured coverage, and $10,000 each for personal injury protection. Appel-

lant was not covered under the policies of either Maureen or Charles Moore. In fact, those policies stated:

We do not provide Uninsured/Underinsured Motorist Coverage for any person:

For bodily injury sustained while **occupying,** or when struck by, any motor vehicle or trailer of any type owned by you or any **family member** which is not insured for the coverage under this policy.

We do not provide Personal Injury Protection Coverage for any person for bodily injury sustained:

By a **family member** while occupying, or when struck by any motor vehicle (other than **your covered auto**) which is owned by a family member.

Appellant has cited cases which have held that exclusionary clauses are invalid, and allowed an insured to stack separate policies of uninsured/underinsured motorist insurance to provide an insured with additional coverage. In *Stephens v. State Farm Mutual Automobile Insurance Co.,* 508 F.2d 1363, 1367 (5th Cir.1975), the court held that exclusionary clauses were ineffectual to the extent that they deprive a person of coverage required by Tex.Ins. Code Ann. art. 5.06–1 (Vernon 1981). In addition, courts have allowed an insured to stack several policies for uninsured/underinsured motorist coverage to determine the status of the tortfeasor as an underinsured motorist. *United Serv. Auto. Ass'n v. Hestilow,* 754 S.W.2d 754, 761 (Tex.App.— San Antonio 1988), *aff'd,* 777 S.W.2d 378, 380 (Tex.1989); *American Motorist Ins. Co. v. Briggs,* 514 S.W.2d 233, 236 (Tex. 1974).

Appellant's case is distinguishable from the cases cited. In this case, appellant was driving his own car, and covered only by his insurance policy with appellee for uninsured/underinsured insurance and personal injury protection. Both Maureen and Charles Moore testified that "appellant was not listed on either of their policies." Therefore, the exclusionary clause under the facts in this case would be a valid restriction, because appellant was not covered under the policies of Maureen or Charles Moore.

Included within this point, appellant argues that the court erred in not allowing him to stack his personal injury protection coverage with that of Maureen and Charles Moore. Their policies, as stated above, did not provide personal injury protection coverage for bodily injury sustained by a family member other than while occupying a covered auto.

Appellant was insured in the amount of $2,500 for personal injury benefits. Patricia Garris, appellee's claims superintendent, testified that appellee paid $2,500 in personal injury benefits to appellant. In *Holyfield v. Members Mutual Insurance Co.,* 566 S.W.2d 28, 30 (Tex.Civ.App.—Dallas 1978), *writ ref'd n.r.e. per curiam,* 572 S.W.2d 672 (Tex.1978), the court found that the exclusion clause was valid, where an insured was operating his own vehicle that was not listed as an insured vehicle under the policy, and the insured paid no premium under the policy. The court went on to say that an insurer is entitled to accurately reflect in the policy the risks being insured and to charge premiums based upon those risks. *Holyfield,* 566 S.W.2d at 29. Based on the policy concerns discussed above, appellant's claims for personal injury protection under the policies of Maureen and Charles Moore were properly excluded.

Appellant's second and fifth points of error are overruled.

We will not address appellant's third and fourth points of error in view of our disposition of appellant's first point of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.