Kathleen WEAVER and Hutson Weaver, Appellants,

v.

UNITED STATES TESTING CO., INC., SGS Industrial Inspection, SGS North America, Inc., and Arlen Russell Swanner, Jr., Appellees.

No. 01–90–01143–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 30, 1992.

Scott R. Brann, D. Lee Romero, Houston, for appellants.

M. Karinne McCullough, Houston, for appellees.

Before WILSON, DUGGAN and MIRABAL, JJ.

OPINION

WILSON, Justice.

This is an appeal from a judgment in a personal injury suit resulting from a rear-end automobile collision. Appellants Kathleen Weaver and her husband, Hutson Weaver, brought suit to recover her alleged personal injury damages and his loss of consortium damages. A jury held that appellee Arlen Swanner's negligence, if

any, did not proximately cause the occurrence in question. We affirm.

The testimony at trial reveals that Swanner was driving behind Mrs. Weaver heading south on Battleground Road. Both parties were in the right-hand lane. Mrs. Swanner stopped her automobile at a red light at the intersection of Battleground Road and Highway 225. Swanner stopped his vehicle about one car-length behind Mrs. Weaver. Both parties intended to make a right turn onto Highway 225. Mrs. Weaver began moving forward in an extenuated turn area to make her right turn. Seeing that Mrs. Weaver was beginning to turn, Swanner looked to his left to check the traffic on Highway 225, and began to move forward because the only traffic on Highway 225 was turning right onto Battleground Road. Swanner testified that he did not accelerate, but only took his foot off the brake to move forward. By the time Swanner looked forward, Mrs. Weaver had stopped again and he was unable to avoid striking her vehicle from behind.

■ Mrs. Weaver asserts in her first point of error that the trial court erred in entering judgment on the jury's verdict and overruling her motion for a new trial because she established as a matter of law that Swanner's negligence proximately caused the occurrence in question. A party attempting to overcome an adverse fact finding as a matter of law must pass a two-pronged test. First, the record must be searched for evidence that supports the jury's findings, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finder's answer, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). In reviewing "matter of law" points of error, the reviewing court must consider all of the evidence and only if the converse of the jury finding is established conclusively by the evidence in the record will the point of error be sustained. *Meyerland Community Improvement Assoc. v. Temple*, 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

The charge presented to the jury reads as follows:

Did the negligence, if any, of Arlen Russell Swanner, Jr. proximately cause the occurrence in question?

The jury answered "no" to this question.

■ In light of this charge, we need not reach the determination of whether Swanner was negligent as a matter of law. The jury's verdict may be upheld if there is evidence in the record indicating that Swanner's negligence, if any, was not the proximate cause of Mrs. Weaver's injuries.

Mrs. Weaver claimed she sustained serious, disabling, and crippling physical injuries, as well as psychological injuries that caused her to be unable to work as a result of Swanner rear-ending her. Searching the record for evidence supporting the jury's finding that Swanner's negligence, if any, did not proximately cause these injuries reveals ample evidence to affirm the jury's verdict. Swanner testified that he let his foot off the brake when he saw Mrs. Weaver begin to move forward, and did not place his foot on the accelerator. He testified he moved forward about one car length before hitting Mrs. Weaver's car, and stated he was going between three and five miles per hour at the time of impact. Based on this evidence, in conjunction with other evidence to be discussed below, the jury was free to draw the reasonable inference that the low impact collision between Mrs. Weaver and Swanner did not proximately cause the severe injuries she alleges resulted from the accident. *See Salazar v. Hill*, 551 S.W.2d 518, 520 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

Furthermore, Swanner testified that immediately after the accident, he walked up to Mrs. Weaver's car and asked her if she was injured. Mrs. Weaver repeated several times that she was not hurt, and told Swanner she had had an operation several months earlier.

Dr. Claghorn was called to testify at trial as a medical expert. He testified that Mrs. Weaver required no medical care as a result of her collision with Swanner, and went on to say that her medical problems stemmed from some other source. Based

on this accumulation of evidence, there was sufficient evidence before the jury to support its verdict. Mrs. Weaver's first point of error is overruled.

In her second point of error, Mrs. Weaver contends the trial court erred in entering the jury's verdict and overruling her motion for a new trial because the jury's finding that Swanner's negligence, if any, did not proximately cause the occurrence in question is against the great weight and preponderance of the evidence. In reviewing such a point of error, an appellate court must examine all the evidence to determine if it is so weak or the finding is so against the great weight and preponderance of the evidence that the verdict is clearly wrong and unjust. *Moore v. State Farm Mut. Auto.,* 792 S.W.2d 818, 819 (Tex.App.—Houston [1st Dist.] 1990, no writ).

For the reasons discussed under the first point of error, this argument is also without merit. As stated earlier, the jury had the following evidence before it: (1) the speed Swanner was travelling when he rear-ended Mrs. Weaver indicated the collision was one of minimal impact; (2) Mrs. Weaver told Swanner at the time of the accident that she was not injured; and (3) Dr. Claghorn testified that none of Mrs. Weaver's injuries were caused from the collision between her and Swanner.

Based on this evidence, it was well within the province of the jury to find that Swanner's negligence, if any, was not the proximate cause of Mrs. Weaver's injuries. Therefore, the jury's verdict was not against the great weight and preponderance of the evidence. Mrs. Weaver's second point of error is overruled.

In her third point of error, Mrs. Weaver claims the trial court erred by admitting the testimony of an improperly designated expert witness. The expert, Dr. Claghorn, was designated six months before trial in a written supplemental response to Mrs. Weaver's interrogatories. The supplementary designation was signed by Swanner's attorney rather than by Swanner himself.

Mrs. Weaver argues that the signature was insufficient and the testimony was inadmissible.[1]

Although the procedural requirements announced in rule 168(5) have been held to apply to original answers to interrogatories, they do not apply to timely supplemental answers to interrogatories in writing. *See Circle Y of Yoakum v. Blevins,* 826 S.W.2d 753, 756 (Tex.App.—Texarkana 1992, writ denied); *Jones v. Kinder,* 807 S.W.2d 868, 872–73 (Tex.App.—Amarillo 1991, no writ). The *Jones* case held that the failure of a party to verify his supplemental answer was not error because there is no specific verification requirement in TEX.R.CIV.P. 166b(6)(b)'s duty to supplement. *Jones,* 807 S.W.2d at 872. In addition to there being no specific verification requirement in rule 166b(6)(b), there is no specific requirement that the party sign a supplemental response. TEX.R.CIV.P. 166b(6)(b). Therefore, the reasoning of *Jones* applies to the failure of a party to sign a supplemental response, as well as to a party's failure to verify his supplemental response. Swanner was not required to sign his supplemental response. Accordingly, Dr. Claghorn was not an improperly designated expert witness, and the trial court did not err by allowing him to testify.

Mrs. Weaver's third point of error is overruled, and the judgment of the trial court is affirmed.

---

1. Rule 168(5) of the Texas Rules of Civil Procedure provides that the answers to interrogatories "shall be signed and verified by the person making them and the provisions of Rule 14 [allowing signing by attorney] shall not apply."