Kathleen **WEAVER** and Hutson
Weaver, Appellants,

v.

**UNITED STATES TESTING CO., INC.,**
**SGS Industrial Inspection, SGS North**
**America, Inc., and Arlen Russell Swanner, Appellees.**

No. 01–90–01143–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1994.

Rehearing Overruled Nov. 3, 1994.

Scott R. Brann, Houston, for appellants.

W. Russ Jones, M. Karinne McCullough, Lee Romero, Houston, for appellees.

Before WILSON, DUGGAN and MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

WILSON, Justice.

We grant the appellants' motion for rehearing, withdraw our previous opinion, and substitute the following.

This is an appeal from a judgment in a personal injury suit resulting from a rear-end automobile collision. Appellants Kathleen Weaver and her husband, Hutson Weaver, brought suit to recover her alleged personal injury damages and his loss of consortium damages. A jury found that appellee Arlen Swanner's negligence, if any, did not proximately cause the occurrence in question. In three points of error, appellant argues that the trial court erred in overruling her motion for new trial because she established appellee's negligence as a matter of law, that the jury finding that appellee's negligence, if any, did not cause the collision was against the great weight and preponderance of the evidence, and that the testimony of an improperly designated expert witness was erroneously admitted. We affirm.

### Summary of Facts

The testimony at trial reveals that Swanner was driving behind Mrs. Weaver heading south on Battleground Road. Both parties were in the right-hand lane. Mrs. Weaver stopped her automobile at a red light at the intersection of Battleground Road and Highway 225. Swanner stopped his vehicle about one car-length behind Mrs. Weaver. Both parties intended to make a right turn onto Highway 225. Mrs. Weaver began moving forward in an extended turn area to make her right turn. Seeing that Mrs. Weaver was beginning to turn, Swanner looked to his left to check the traffic on Highway 225, and began to move forward because the only traffic on Highway 225 was turning right onto Battleground Road. Swanner testified that he did not accelerate, but only took his foot off the brake to move forward. By the time Swanner looked forward, Mrs. Weaver had stopped again and he was unable to avoid striking her vehicle from behind.

### Negligence as a Matter of Law

Mrs. Weaver asserts in her first point of error that the trial court erred in entering

judgment on the jury's verdict and overruling her motion for a new trial because she established as a matter of law that the appellee's negligence proximately caused the occurrence in question.

A party attempting to overcome an adverse fact finding as a matter of law must pass a two-pronged test. First, the record must be searched for evidence that supports the jury's findings, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finder's answer, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). In reviewing "matter of law" points of error, the reviewing court must consider all of the evidence and only if the converse of the jury finding is established conclusively by the evidence in the record will the point of error be sustained. *Meyerland Community Improvement Ass'n. v. Temple*, 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

The mere occurrence of a rear-end collision will not present evidence of negligence as a matter of law. *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied). The plaintiff must prove specific acts of negligence on the part of the following driver and must also prove proximate cause. *Neese v. Dietz*, 845 S.W.2d 311, 314 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Vandyke v. Austin Indep. Sch. Dist.*, 547 S.W.2d 354, 357 (Tex.Civ.App.—Austin 1977, no writ).

The testimony indicates both parties were stopped at an intersection controlled by a traffic signal, and both intended to turn right while the signal light controlling their lane of traffic was red. The relevant portion of the traffic regulations provides:

Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, . . . and may then turn right . . . after standing until the intersection may be entered safely, yielding right-of-way . . . to other traffic lawfully using the intersection.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 33(c)(1) (Vernon 1964).

The testimony before the jury indicated that Swanner came to a complete stop behind Mrs. Weaver. Swanner looked to the left to check for traffic coming from that direction after Mrs. Weaver began moving forward, and observed a truck making a right turn. Swanner testified that as he did so he took his foot off the brake. When Swanner turned back around, Mrs. Weaver had stopped again and Swanner applied his brakes, but not in time to avoid hitting her vehicle. Mrs. Weaver did not testify as to why she had stopped again.

In similar cases dealing with a situation where one lane of traffic is required to yield the right-of-way to another coming from a different direction, Texas courts have affirmed the findings of a jury acquitting a defendant of negligence in a rear-end collision.

The jury heard all of the evidence, observed the witnesses and acquitted defendant of any negligence. In cases of this character standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts. The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced before it.

*Neese v. Dietz*, 845 S.W.2d at 314; *Gaitan v. Reyes Salvatierra*, 485 S.W.2d 602, 604 (Tex. Civ.App.—San Antonio 1972, no writ).

Appellant failed to persuade the jury that the negligence of appellee, if any, was a proximate cause of the collision. We find the evidence presented was legally sufficient to support the jury's finding, in light of appellee's testimony that appellant began to pull out as if turning, then stopped, offered no explanation for her stop, and appellee turned his head to check oncoming traffic only when he saw appellant begin to turn. In light of this evidence, the jury could have reasonably inferred that the conduct of the appellee did not violate any standard of care, and, given the circumstances, was not negligent.

After examining the entire record, pursuant to the second prong of the test for reviewing "matter of law" points of error, we determine that the converse of the jury finding was not established conclusively by the evidence. Therefore, we find that it was not established as a matter of law that appellee's negligence, if any, was a proximate cause of the occurrence.

We overrule appellant's first point of error.

## Jury Finding Against the Great Weight of the Evidence

▇ In her second point of error, appellant contends the trial court erred in entering the jury's verdict and overruling her motion for a new trial because the jury's finding that Swanner's negligence, if any, did not proximately cause the occurrence in question is against the great weight and preponderance of the evidence. In reviewing such a point of error, an appellate court must examine all the evidence to determine if it is so weak or the finding is so against the great weight and preponderance of the evidence that the verdict is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 178 (Tex.1986); *Moore v. State Farm Mut. Auto.,* 792 S.W.2d 818, 819 (Tex.App.—Houston [1st Dist.] 1990, no writ). We review the entire record to determine if the jury finding is against the great weight and preponderance of the evidence. *Cain,* 709 S.W.2d at 176.

The evidence supporting the jury finding was summarized above. In addition, we must now consider the evidence against the verdict. Swanner testified that he and Mrs. Weaver were stopped at a red light when the collision occurred, and that his vision of her vehicle was not obstructed or blocked. He also testified that as he looked to his left he removed his foot from the brake and did not look forward again until it was too late to avoid collision with Mrs. Weaver, despite application of his brakes.

In reviewing all the evidence, we do not find the jury's verdict to be so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. Swanner testified that he only looked to his left and released his brake when Mrs. Weaver began to move forward as if turning. His view of the intersection indicated no approaching traffic for which she would have to yield the right-of-way. Mrs. Weaver offered no explanation of her second stop in her testimony. It is generally the role of the jury to judge the credibility of the witnesses and the weight of their testimony. *Gray v. Floyd,* 783 S.W.2d 214, 216 (Tex. App.—Houston [1st Dist.] 1990, no writ). We therefore overrule appellant's second point of error.

## Improper Admission of Expert Testimony

In her third point of error, appellant claims the trial court erred by admitting the testimony of an improperly designated expert witness. The expert, Dr. James Claghorn, was designated by letter delivered to counsel for Mrs. Weaver six months before trial in a written supplemental response to Mrs. Weaver's interrogatories. The supplementary designation was signed by Swanner's attorney rather than by Swanner himself. Mrs. Weaver argues that the signature was insufficient and the testimony was inadmissible.[1]

▇ Although the procedural requirements announced in rule 168(5) have been held to apply to original answers to interrogatories, they do not apply to timely supplemental answers to interrogatories in writing. *See Circle Y of Yoakum v. Blevins,* 826 S.W.2d 753, 756 (Tex.App.—Texarkana 1992, writ denied); *Jones v. Kinder,* 807 S.W.2d 868, 872–73 (Tex.App.—Amarillo 1991, no writ). The *Jones* case held that the failure of a party to verify his supplemental answer was not error because there is no specific verification requirement in Tex.R.Civ.P. 166b(6)(b)'s duty to supplement. *Jones,* 807 S.W.2d at 872–73. In addition to there being no specific verification requirement in rule 166b(6)(b), there is no specific requirement that the party sign a supplemental response. Tex.R.Civ.P. 166b(6)(b). Therefore, the reasoning of *Jones* applies to the failure of a party to sign a supplemental response, as

---

1. Rule 168(5) of the Texas Rules of Civil Procedure provides that the answers to interrogatories "shall be signed and verified by the person making them and the provisions of Rule 14 [allowing signing by attorney] shall not apply."

well as to a party's failure to verify his supplemental response. Swanner was not required to sign his supplemental response. Accordingly, Dr. Claghorn was not an improperly designated expert witness, and the trial court did not err by allowing him to testify. We therefore overrule appellant's third point of error.

Finding no reversible error, we affirm the judgment of the trial court.