NO. 07-03-0405-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 29, 2004

_____

THE STATE OF TEXAS, APPELLANT

V.

BRADLEY A. McALLISTER, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 46,899-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

The State of Texas, appellant, acting by and through the Texas Department of Transportation (TxDOT) appeals from a judgment based on a jury verdict that it take nothing against appellee Bradley A. McAllister on its claim for subrogation pursuant to chapter 417 of the Texas Labor Code Annotated (Vernon 1996), for workers' compensation

and other benefits paid for the death of Paris Hood, a TxDOT employee, and that McAllister recover on his counterclaim against the State of Texas, the sum of $7,560 for property damage and $50,000 for physical pain and mental anguish, plus interest and costs.[1] Presenting two issues, TxDOT contends (1) the Texas Tort Claims Act[2] does not clearly and unambiguously waive its sovereign immunity for McAllister's claim. By four sub-issues, TxDOT contends (A) McAllister's injuries were not caused by the "use" or "operation" of a State motor vehicle; (B) McAllister's claim is barred because he failed to give notice within six months; (C) it did not waive sovereign immunity because Hood's decisions were protected by official immunity; and (D) the Act does not permit McAllister to recover property damage for an injury he did not suffer. By its second issue, TxDOT contends the jury's conclusion that McAllister was not negligent was against the overwhelming weight of the evidence. We reverse and render in part and affirm in part.

During the afternoon hours of February 27, 1998, Hood, while in the course of his employment, was picking up trash along Interstate Highway 27. His TxDOT truck was parked facing north on the shoulder very near the white fog line and the flashing caution lights were in operation. After placing trash in the truck, Hood walked to the left side of the truck and while he was standing on the paved portion of the highway, was struck by a truck

---

[1]The truck driven by McAllister was owned by a third party. By his counterclaim, McAllister sought recovery of the property damage for the use and benefit of the third party.

[2]Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001 - 101.109 (Vernon 1997 & Pamph. Supp. 2004-05), hereafter referred to as the Act.

driven by McAllister, who was traveling north in the right lane. Hood sustained fatal injuries.

According to witnesses who were also traveling north behind McAllister, McAllister was in the right lane with an adjacent vehicle also driving north in the left lane which prevented him from changing lanes. The evidence established that McAllister was not speeding. A Department of Public Safety Officer who was called to the scene of the accident to investigate concluded that because Hood had walked into the lane of travel McAllister was not at fault.

TxDOT filed suit against McAllister to recover for benefits paid on behalf of Hood in the discharge of its responsibilities under workers' compensation laws. McAllister filed a counterclaim for property damage to the truck he was driving and for personal injuries and mental anguish. In response to the counterclaim, TxDOT plead, among other items, the defense of sovereign immunity under the Act.

In response to question number one, the jury found that Hood's negligence proximately caused the accident and attributed no fault to McAllister. Also, by its answers to questions four and five, the jury awarded McAllister $11,000 (which was reduced in the judgment to $7,650 because the evidence would only support that amount) for property damage to the truck driven by him and $50,000 for his physical pain and mental anguish. After the State's motion to disregard the jury's findings and for judgment notwithstanding

the verdict was denied, judgment was rendered on the jury's verdict. TxDOT's motion to set aside the jury's verdict and for new trial was overruled by the trial court.

Briefly restated, TxDOT contends McAllister's claim fell outside the Act because his injuries were not caused by TxDOT's vehicle, he did not give notice of his claim within six months as required by the Act, it did not waive sovereign immunity, Hood's decisions were protected by official immunity, and McAllister could not recover for property damage under the Act. Considering these issues together, we agree.

These contentions focus on the applicability of the Act and whether McAllister's claims were caused by an actionable "use" or "operation" of a motor vehicle owned by the State. Before addressing these issues, we first consider McAllister's contention that TxDOT waived its affirmative defense of sovereign immunity and is now estopped from raising it on appeal. In response to McAllister's counterclaim and in addition to a general denial, the State alleged:

Sovereign Immunity

Plaintiff/Counter-Defendant State has full sovereign immunity both from suit and from liability, save only to the extent of the partial waiver of same given by the Texas Tort Claims Act, (Civil Practice and Remedies Code, Chapter 101), and it hereby pleads and asserts its claim to and defense of sovereign immunity.

Ultimately, the purpose of pleadings is to give the adversary notice of the claims and defenses, as well as notice of the relief sought. Horizon/CMS Healthcare Corporation v.

4

Auld, 34 S.W.3d 887, 897 (Tex. 2000); Perez v. Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991). Immunity from liability is an affirmative defense that must be plead or it is waived. Texas Department of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); *see also* Tex. R. Civ. P. 94. In the absence of a special exception to an opponent's pleadings, courts should construe the pleadings liberally in favor of the pleader. Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993); *see also* Tex. R. Civ. P. 91. McAllister did not specially except to TxDOT's answer nor its special exception filed in response to his counterclaim; thus, the State did not waive sovereign immunity from liability.

Operation or Use

Under section 101.021(1)(A) of the Act, TxDOT is liable to McAllister for his damages if they were proximately caused by Hood's wrongful act or omission or negligence and if they arose from the operation or use of the TxDOT truck. Although the terms operation and use are not defined in the Act, in LeLeaux v. Hamshire-Fannett School Dist., 835 S.W.2d 49, 51 (Tex. 1992), the Court defined "operation" as the "doing or performing of practical work," and "use" to mean "to put or bring into action or service; to employ for or apply to a given purpose."

For sovereign immunity to be waived, the Act requires a nexus between the operation or use of the motor vehicle and the plaintiff's injuries. *See* Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 543 (Tex. 2003), citing Tx. Nat. Res. Con. Com'n v. White, 46 S.W.3d 864, 868 (Tex. 2001). The motor vehicle's use must have actually

5

caused the injury. *White*, 46 S.W.3d at 869. The operation or use of a motor vehicle does not cause the injury if it does no more than furnish the condition that makes the injury possible. Dallas Co. Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). In other words, if the vehicle is only the setting for the injury, immunity for liability is not waived. *LeLeaux*, 835 S.W.2d at 52; *see generally* City of Kemah v. Vela, No. 14-03-01091-CV, 2004 WL 1925959, at *4 (Tex.App.–Houston [14th Dist.] Aug. 31, 2004, no pet. h.) (holding that sovereign immunity was not waived when an improperly parked police car in which plaintiff was injured when it was struck by another vehicle was not in use or operation but was only the setting for the injury).

TxDOT argues that its truck was not in use or operation at the time of the accident, while McAllister contends that Hood parked the truck so close to the main traveled portion of the highway that it created an extremely dangerous situation. We agree with TxDOT. The evidence established that TxDOT's truck did not come into contact with the vehicle McAllister was driving and thus, no nexus was shown between it and McAllister's injuries. Rather, his injuries were the result of Hood's misjudgment in standing on the highway. Just as in *Vela*, the TxDOT truck did no more than furnish the condition that made McAllister's injuries possible when he struck Hood and no liability on the part of TxDOT was proven under section 101.021 of the Act.

6

## Notice

Under the Act a governmental unit is entitled to receive formal, written notice of a claim against it within six months of the incident specifying the damage or injury claimed, the time and place of the incident, and the incident. § 101.101(a). The language of sub-paragraph (a) is mandatory. *See* University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser, 140 S.W.3d 351, 359 (Tex. 2004). Under section 101.101(c), the requirement of sub-paragraph (a) is inapplicable if the governmental unit had actual notice and knowledge that its fault produced or contributed to the claimed injury. *Loutzenhiser*, 140 S.W.3d at 358; Texas Dept. of Criminal Justice v. Simons, 140 S.W.3d 338, 339 (Tex. 2004), citing Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). A governmental unit does not acquire actual notice merely by conducting an investigation; it must have actual, subjective awareness of its fault in the incident. *Simons*, 140 S.W.3d at 348. The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable a governmental unit to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey*, 900 S.W.2d at 340.

The accident occurred on February 27, 1998. McAllister references a portion of the clerk's record designated "Notice-Correspondence" in support of his contention that TxDOT had been given notice. All but one of the letters reference the property damage claim by Rob Smets and Carla Smets, as insured and owners of the truck McAllister was driving at the time of the accident. On August 4, 1998, McAllister's attorney wrote an Assistant

7

Attorney General generally complaining about the "screening process" in deciding to prosecute a subrogation claim against McAllister to recoup benefits paid on behalf of Hood. Counsel continued in the letter:

> Brad McAllister is a fine, decent young man. Like any normal person who cares for people, a tragedy of this kind has seriously affected him personally, mentally and emotionally. He truly needs to get this behind him, and not be forced to relive through the drama of the courtroom the details of this event, and the anguish he will go through from this point up to the time of trial.

No mention is made in the August 4 letter of a claimed injury by McAllister, the time and place of the incident, or the incident that gave rise to the claim as required by section 101.101(a). Further, although TxDOT had investigated the accident, there is no evidence in the record indicating it had actual notice of McAllister's claim or that its fault produced or contributed to the claimed injury. Thus, we conclude that McAllister's failure to comply with the notice requirements barred any action under the Act. *Loutzenhiser*, 140 S.W.3d at 365.

Hood's Official Immunity

TxDOT argues that it was protected from liability because Hood's decisions fell under the doctrine of official immunity. McAllister contends official immunity does not apply. Official immunity shields government employees and public officials from suits arising from performance of their (1) discretionary duties (2) in good faith (3) within the scope of their authority. *See* Ballantyne v. Champion Builders, Inc., 47 Tex. Sup. Ct. J. 852, 2004 WL

8

1533950, at *5 (Tex. July 9, 2004). However, a claimant's failure to give notice under section 101.101 precludes the waiver of official immunity. Johnson v. Nacogdoches County Hosp. Dist., 109 S.W.3d 532, 537 (Tex.App.–Tyler 2001, pet. denied). Having previously concluded that McAllister did not provide formal, written notice of his claim nor establish that TxDOT had actual notice, we need not address whether Hood was entitled to official immunity. We agree with TxDOT that McAllister's claim fell outside the Act and sustain its first issue and four sub-issues.

## McAllister's Non-Negligence

By its second issue, TxDOT contends the jury's verdict that McAllister was zero percent responsible for the accident was against the overwhelming weight of the evidence. We disagree. The mere occurrence of an accident does not present evidence of negligence. Gomez v. Adame, 940 S.W.2d 249, 251 (Tex.App.--San Antonio 1997, no writ); Weaver v. U.S. Testing Co., Inc., 886 S.W.2d 488, 490 (Tex.App.--Houston [1st Dist.] 1994, writ denied). The State was required to prove specific acts of negligence by McAllister that proximately caused the accident.

In Dow Chemical Co. v. Francis, 46 S.W.3d 237, 241-42 (Tex. 2001), the Court discussed the appropriate standard of review of an issue on which the party attacking an adverse finding had the burden of proof. In summary the Court held:

> [w]hen a factual sufficiency challenge is presented, the complaining party must demonstrate that the adverse finding is against the great weight and

9

preponderance of the evidence. Under this review, after considering and weighing all the evidence, we can set aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

See also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Raw Hide Oil & Gas v. Maxus Exploration, 766 S.W.2d 264, 266 (Tex.App.--Amarillo 1988, writ denied); Hall, Standards of Review in Texas, 34 St. Mary's L.J. 173-74.

According to the uncontradicted evidence of eye witnesses, while McAllister was driving in the right lane of traffic below the speed limit, another vehicle was driving in the same direction in the left lane making it impossible for him to change lanes. The TxDOT truck was parked on the shoulder near the fog line when Hood walked into the right lane of traffic. One particular witness, a coach from a nearby community, testified:

[w]e were fixing to create or coming upon creating what I call a tight formation.

Moreover, McAllister was not speeding nor was he cited for any traffic violations. The DPS officer who conducted the investigation concluded he was not at fault. Thus, the evidence presented showed that McAllister was driving at a lawful rate of speed, in his lane of traffic and unable to change lanes when Hood walked into his lane. Having reviewed all the evidence, we conclude the jury's finding of zero negligence on McAllister's part is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Issue two is overruled.

Accordingly, that portion of the trial court's judgment awarding Bradley A. McAllister $7,560, plus prejudgment interest in the amount of $3,213 for property damages, and $50,000, plus prejudgment interest in the amount of $21,250 for physical pain and mental anguish, is reversed and judgment is hereby rendered that Bradley A. McAllister take nothing against the State of Texas acting by and through the Texas Department of Transportation; in all other respects, the judgment is affirmed.

Don H. Reavis
Justice