NO. 07-06-0468-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 3, 2008

______________________________


CEDRIC JONES, APPELLANT

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL., APPELLEES

_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 88,649-C; HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 
MEMORANDUM OPINION
          Appellant Cedric Jones, a Texas prison inmate appearing pro se, challenges the
dismissal of his suit against James Beach, an employee of the unit in which appellant is
incarcerated. We will dismiss the appeal.
          As a general rule, our appellate jurisdiction is limited to review of final judgments. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). In the absence of statutory
provision for appeal of an interlocutory order, a judgment must dispose of all issues and
parties in the case to be final and appealable. New York Underwriters Ins. Co. v. Sanchez,
799 S.W.2d 677, 678-79 (Tex. 1990) (per curiam), citing North East Independent School
Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Our exercise of appellate jurisdiction
over an interlocutory order in the absence of express statutory authorization is jurisdictional
error. New York Underwriters, 799 S.W.2d at 679. We must, therefore, consider our
jurisdiction sua sponte.
          Jones began by suing Senior Warden Joseph K. Price, Lieutenant James R. Beach
and Property Officer Gary Gifford, asserting claims arising from loss of his personal
property and violations of his constitutional rights. The trial court signed an order granting
a motion to dismiss the suit filed by Price and Gifford, and dismissing his claims against
them. When Jones appealed that order, we dismissed the appeal because his claims
against Beach had not been adjudicated. Jones v. Gifford, No. 07-01-0507-CV, 2002 WL
342660 (Tex.App.–Amarillo 2002, no pet.) (mem. op.). Beach later filed an answer to
Jones’s suit, and a motion to dismiss the claims against him as frivolous.


 The trial court
entered an order granting “Defendant Beach’s Motion to Dismiss,” and dismissing Jones’s
claims. It is from this order that Jones brings this appeal.
          In the meantime, however, Jones filed his sixth amended petition, adding the Texas
Department of Criminal Justice–Institutional Division as a defendant, and asserting
additional claims against that agency. The record before us does not reflect that the Texas
Department of Criminal Justice–Institutional Division has filed an answer or any other
pleading responsive to Jones’s petition.
          To be final, a judgment rendered in a proceeding other than a conventional trial on
the merits must actually dispose of all claims and parties or state clearly and unequivocally
that it is a final judgment as to all claims and all parties. Lehmann, 39 S.W.3d at 205. The
order from which this appeal is brought, even when coupled with the order earlier
appealed, does not dispose of the claims Jones has asserted against the Texas
Department of Criminal Justice–Institutional Division, nor does it state clearly and
unequivocally that it is a final judgment as to all claims and all parties. Nor does the record
reflect that Jones’s claims against the Texas Department of Criminal Justice–Institutional
Division have been severed, dismissed, or otherwise resolved.


 Under the record before
us, they remain pending and unadjudicated.
          Because Jones again attempts to appeal an order that is not final and appealable,
we must find we have no jurisdiction over the attempted appeal. It is therefore dismissed.


James T. Campbell

Justice



 



 




n;
it must have actual, subjective awareness of its fault in the incident. Simons, 140 S.W.3d
at 348. The purpose of the notice requirement is to ensure prompt reporting of claims in
order to enable a governmental unit to gather information necessary to guard against
unfounded claims, settle claims, and prepare for trial. Cathey, 900 S.W.2d at 340.

 The accident occurred on February 27, 1998. McAllister references a portion of the
clerk's record designated "Notice-Correspondence" in support of his contention that TxDOT
had been given notice. All but one of the letters reference the property damage claim by
Rob Smets and Carla Smets, as insured and owners of the truck McAllister was driving at
the time of the accident. On August 4, 1998, McAllister's attorney wrote an Assistant
Attorney General generally complaining about the "screening process" in deciding to
prosecute a subrogation claim against McAllister to recoup benefits paid on behalf of Hood. 
Counsel continued in the letter:

 Brad McAllister is a fine, decent young man. Like any normal person who
cares for people, a tragedy of this kind has seriously affected him personally,
mentally and emotionally. He truly needs to get this behind him, and not be
forced to relive through the drama of the courtroom the details of this event,
and the anguish he will go through from this point up to the time of trial. 


No mention is made in the August 4 letter of a claimed injury by McAllister, the time and
place of the incident, or the incident that gave rise to the claim as required by section
101.101(a). Further, although TxDOT had investigated the accident, there is no evidence
in the record indicating it had actual notice of McAllister's claim or that its fault produced
or contributed to the claimed injury. Thus, we conclude that McAllister's failure to comply
with the notice requirements barred any action under the Act. Loutzenhiser, 140 S.W.3d
at 365. 

Hood's Official Immunity


 TxDOT argues that it was protected from liability because Hood's decisions fell
under the doctrine of official immunity. McAllister contends official immunity does not apply. 
Official immunity shields government employees and public officials from suits arising from
performance of their (1) discretionary duties (2) in good faith (3) within the scope of their
authority. See Ballantyne v. Champion Builders, Inc., 47 Tex. Sup. Ct. J. 852, 2004 WL
1533950, at *5 (Tex. July 9, 2004). However, a claimant's failure to give notice under
section 101.101 precludes the waiver of official immunity. Johnson v. Nacogdoches County
Hosp. Dist., 109 S.W.3d 532, 537 (Tex.App.-Tyler 2001, pet. denied). Having previously
concluded that McAllister did not provide formal, written notice of his claim nor establish
that TxDOT had actual notice, we need not address whether Hood was entitled to official
immunity. We agree with TxDOT that McAllister's claim fell outside the Act and sustain its
first issue and four sub-issues.

 McAllister's Non-Negligence


 By its second issue, TxDOT contends the jury's verdict that McAllister was zero
percent responsible for the accident was against the overwhelming weight of the evidence. 
We disagree. The mere occurrence of an accident does not present evidence of
negligence. Gomez v. Adame, 940 S.W.2d 249, 251 (Tex.App.--San Antonio 1997, no
writ); Weaver v. U.S. Testing Co., Inc., 886 S.W.2d 488, 490 (Tex.App.--Houston [1st Dist.]
1994, writ denied). The State was required to prove specific acts of negligence by
McAllister that proximately caused the accident. 

 In Dow Chemical Co. v. Francis, 46 S.W.3d 237, 241-42 (Tex. 2001), the Court
discussed the appropriate standard of review of an issue on which the party attacking an
adverse finding had the burden of proof. In summary the Court held:

 [w]hen a factual sufficiency challenge is presented, the complaining party
must demonstrate that the adverse finding is against the great weight and
preponderance of the evidence. Under this review, after considering and
weighing all the evidence, we can set aside the verdict only if the evidence
is so weak or if the finding is so against the great weight and preponderance
of the evidence that it is clearly wrong and unjust. 


See also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Raw Hide Oil & Gas
v. Maxus Exploration, 766 S.W.2d 264, 266 (Tex.App.--Amarillo 1988, writ denied); Hall,
Standards of Review in Texas, 34 St. Mary's L.J. 173-74. 

 According to the uncontradicted evidence of eye witnesses, while McAllister was
driving in the right lane of traffic below the speed limit, another vehicle was driving in the
same direction in the left lane making it impossible for him to change lanes. The TxDOT
truck was parked on the shoulder near the fog line when Hood walked into the right lane
of traffic. One particular witness, a coach from a nearby community, testified:

 [w]e were fixing to create or coming upon creating what I call a tight
formation.

Moreover, McAllister was not speeding nor was he cited for any traffic violations. The DPS
officer who conducted the investigation concluded he was not at fault. Thus, the evidence
presented showed that McAllister was driving at a lawful rate of speed, in his lane of traffic
and unable to change lanes when Hood walked into his lane. Having reviewed all the
evidence, we conclude the jury's finding of zero negligence on McAllister's part is not so
against the great weight and preponderance of the evidence as to be clearly wrong and
unjust. Issue two is overruled.

 Accordingly, that portion of the trial court's judgment awarding Bradley A. McAllister
$7,560, plus prejudgment interest in the amount of $3,213 for property damages, and
$50,000, plus prejudgment interest in the amount of $21,250 for physical pain and mental
anguish, is reversed and judgment is hereby rendered that Bradley A. McAllister take
nothing against the State of Texas acting by and through the Texas Department of
Transportation; in all other respects, the judgment is affirmed.

 Don H. Reavis

 Justice




 


1. The truck driven by McAllister was owned by a third party. By his counterclaim,
McAllister sought recovery of the property damage for the use and benefit of the third party.
2. Tex. Civ. Prac. & Rem. Code Ann. ǧ 101.001 - 101.109 (Vernon 1997 & Pamph.
Supp. 2004-05), hereafter referred to as the Act.