Jerry D. HOLLEY, Petitioner,

v.

Edwin A. WATTS, Respondent.

No. C–754.

Supreme Court of Texas.

March 17, 1982.

Rehearing Denied April 14, 1982.

Dunnam, Dunnam, Horner & Meyer, Vance Dunnam and W. V. Dunnam, Jr., Waco, for petitioner.

Phillips, Neal & Woods, Travis R. Phillips and E. Hazen Woods, Jr., Austin, for respondent.

WALLACE, Justice.

This is an appeal from a trial court's order sustaining a plea of privilege, transferring a cause from Travis County to McLennan County. The court of civil appeals reversed the judgment of the trial court and remanded the cause. 622 S.W.2d 583. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Edwin A. Watts (Watts) filed suit in Travis County against Jerry D. Holley (Holley) seeking damages for breach of contract and usury, arising from a sale of improved real property and a subsequent leaseback of real and personal property.[1] Watts claims the transaction, which was in the form of a general warranty deed and leases, was in substance a loan in circumvention of the usury laws. Holley filed this plea of privilege seeking to move the cause to McLennan County. It was sustained by the trial court, but reversed and remanded by the court of civil appeals.

This Court is confronted with three issues: (1) what legal and factual sufficiency complaints are raised in Watts' point of error to the court of civil appeals; (2) did Watts has pursued any claim.

1. The original transaction was actually between Watts, his partner and Holley; only

the court of civil appeals apply the correct theory of law in light of the points actually presented; and (3) did the evidence prove a cause of action for usury as a matter of law?

Watts asserted by his controverting affidavit that special venue existed in Travis County through Article 1995, subsection 30,[2] by reason of his statutory cause of action for usury under Article 5069–1.06. Venue of such usury actions can be maintained in the county where it is proven that a usurious transaction is "entered into" or where usury is received or collected. At the plea of privilege hearing, the evidence consisted partially of: (1) an earnest money contract and warranty deed dated April 20, 1977, from Watts to Holley conveying a building in Austin; (2) a lease dated August 5, 1977, from Holley to Watts covering the building; (3) a lease dated August 1, 1977, from Holley to Watts covering Nautilus equipment.

Watts' testimony can be summarized as follows:

Watts and his partner owned a building in Austin. While in the process of altering the second floor of the building for a physical fitness center, they ran out of money and were unsuccessful in borrowing more. Holley was contacted in Waco, and came to Austin in March of 1977, to talk to Watts about a loan. Holley told Watts that he would lend him the money to complete construction and purchase the Nautilus equipment, but he would require interest of 20 to 30 per cent, comparable to the return he could get investing in other business ventures. Following the conversation, Watts went to see Holley's attorney in Waco, on April 20, 1977. He was told by the attorney that to avoid any "usury problems" it would be necessary to execute three alternative sets of documents. Holley would then at a later time decide which set of documents would best suit his interest in this transaction. Watts agreed, and executed all three sets of documents that day, and in return received a $10,000 advance. In June, Holley advised Watts

that he would use the set of documents which included an earnest money contract and a general warranty deed as collateral for the loan. As construction progressed, Holley paid for the remainder of the costs, $50,000, and also paid $53,200 for the equipment. It was not until August, 1977, that the property was leased back to Watts in two separate documents; one for the building, and one for the equipment.

Later in the month of August, T. A. Danford, an undisclosed partner of Watts, arranged to sell the entire business, building, equipment and all, to a Mr. Cox. Cox agreed to assume the outstanding first lien mortgage and pay $200,000. When the sale closed on August 30, 1977, Holley collected a total of $146,619.84. This included $103,549.10 return of principal, plus $43,070.74 "interest."

It is this "interest" that Watts claims was usurious.

We emphasize that the above recitation of facts is supported only by the testimony of Watts. Holley presented no evidence or testimony at the plea of privilege hearing.

### Watts' Points of Error to the Court of Civil Appeals

█ Holley complains by point of error, that the court of civil appeals considered points of error not raised by Watts' brief. Specifically, Holley complains that the court of civil appeals' decision was based on points of "insufficient evidence" which were not raised. We sustain that point.

Watts' brief to the court of civil appeals contained two points of error, they were:

1. The trial court erred in sustaining the plea of privilege of Jerry D. Holley by failing to find that the transaction between Appellant, Edwin A. Watts, and Jerry D. Holley was a usurious transaction entered into in Travis County, Texas.

2. The trial court erred in sustaining the plea of privilege of Jerry D. Holley by failing to find that usurious interest

2. All references are to Texas Revised Civil Stat-   utes Annotated unless otherwise indicated.

was received or collected in Travis County, Texas.

The points of error do not specify whether they are directed to complaints of "insufficient evidence," "no evidence," "against the great weight and preponderance of the evidence," or "as a matter of law." It is our practice to liberally construe the points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361 (1960). We look not only at the wording of the points of error, but to the argument under each point to determine as best we can the intent of the party.

Looking beyond Watts' points themselves and into his argument, we find the following statements which are indicative of the evidentiary complaints intended by him:

> ... the facts in the immediate case *compel* the conclusion that the transaction between Appellant ... and Appellee ... was a loan in which subterfuge was used to attempt to evade the laws against usury.
> The intent of the parties in the immediate case is *clearly* demonstrative of a desire to make a loan.
> ... would be *"most persuasive"* that the transaction was a loan.
> *Clearly* the charge for the use of HOLLEY'S money exceeded the legally permissible rate.
> The uncontradicted testimony of Watts *compel* a finding that the transaction was a loan .... (Emphasis added).

Viewing Watts' points of error to the court of civil appeals as liberally as possible, he raised only "as a matter of law" points. Watts' use of the terms "compel," "clearly," and "most persuasive" do not indicate a complaint of "insufficient evidence."

### Court of Civil Appeals Action

Watts' actual contention as to the trial court's ruling is: venue is proper in Travis County because he proved a cause of action for usury as a matter of law. He is thus attacking the adverse finding to issues on which he had the burden of proof. A complainant attempting to overcome such an adverse finding, as a matter of law, must overcome two hurdles. First, the record must be examined for evidence that supports the court's findings, while ignoring all evidence to the contrary. If there is no evidence to support the fact finder's answer, then secondly, the entire record must then be examined to see if the contrary proposition is established as a matter of law. *Texas & N.O.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947). See O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65, 81 (1974).

The court of civil appeals never reached these questions. It erroneously viewed Watts' points of error as presenting "complaints of insufficient evidence." In other words, the court of civil appeals handled Watts' points as if he had challenged the trial court's rulings as being against the great weight and preponderance of the evidence. This was error.[3]

### Usury As A Matter of Law

■ Watts asserts he proved a cause of action for usury as a matter of law and therefore venue is proper in Travis County. The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower. *Pansy Oil Co. v. Federal Oil Co.*, 91 S.W.2d 453, 455 (Tex.Civ.App.—Texarkana, 1936, writ ref'd).

As discussed previously, we must first examine evidence in support of the trial court's findings, ignoring any evidence to the contrary. If there is no evidence that supports its findings, then and only then may we look to the evidence that supports

---

3. The court of civil appeals further erred in making a fact finding that Watts had established "by a preponderance of the evidence a meritorious cause of action for usury." In so doing, the court of civil appeals wrongly substituted their fact finding for that of the trial court. *Commercial Union Assurance Co. v. Foster*, 379 S.W.2d 320 (Tex.1964).

Watts' cause of action. If there is any evidence of probative force which supports the adverse finding, then Watts' point must fail.

A review of the record before us does reveal evidence which supports the trial court's ruling. The deed relied upon by Watts to corroborate his testimony is complete and regular on its face. The deed was dated April 20, 1977, and conveyed the real property to Holley subject to an outstanding mortgage and lien. The leases covering both the real property and the equipment were executed in August of 1977. They too were regular on their faces. At the time of the execution of the deed Holley paid Watts $10,000. He advanced an additional $93,000 for construction and equipment costs over a three months period, during which there was no written obligation on the part of Watts to repay any of the money. Until the leases were signed by Watts in August, he had no obligation to pay anything to Holley.

Watts' testimony, and the other evidence which tends to support his assertion, were all before the trier of facts. Though oral testimony may rebut the presumption that the instruments are what they appear to be, the instruments still remain evidentiary facts which will support any inference properly drawn therefrom, and still present a question for the trier of facts. *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196 (Tex.1970). In light of the evidence of probative force which supports the trial court's adverse finding, the evidence which supports Watts' cause is not reached.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

CAMPBELL, J., not sitting.