Velma MARSHALL, Appellant,

v.

SUPERIOR HEAT TREATING
COMPANY, Appellee.

No. 2–91–122–CV.

Court of Appeals of Texas,
Fort Worth.

March 10, 1992.

Richard Alley, Fort Worth, for appellant.

Green & Ryan, Daniel P. Clark, Dallas, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

In this personal injury case, appellant, Velma Marshall, appeals from a jury verdict awarding her $10,000.00 for injuries she suffered resulting from an automobile accident with Ezell Packer, appellee. Additionally, the jury found zero damages for the damage elements of future physical pain, mental anguish, and physical impairment. Marshall appeals the portion of the jury verdict finding zero damages for future pain, and the nonsubmission of the damage elements of past and future medical expenses.

We affirm.

On July 3, 1986, Mr. Ezell Packer, an employee of Superior Heat Treating Company, was in the course and scope of his employment when his car rear-ended Marshall at a red light. Following the accident, Marshall went to the hospital for head and neck injuries. For the next two years, Marshall was treated by five doctors including a psychiatrist and neurologist for psychological problems. The jury awarded $10,000.00 for past physical pain, mental anguish, and physical impairment, but awarded nothing for future pain, mental anguish, and impairment.

In her first and second points of error, Marshall argues that there was insufficient evidence to factually support the jury's answer to Special Issues Numbers 2b and 2d, which deny recovery for future physical pain, mental anguish, and physical impairment. If there was insufficient evidence on these issues then the jury properly answered that Marshall should recover nothing. Marshall had the burden of proof on these issues. When the party having the burden of proof on a special issue appeals from an adverse fact finding, the point of error challenging the factual sufficiency of the evidence should be that the jury's finding was "against the great weight and preponderance of the evidence." *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). Marshall has not properly presented these points of error. However, she does properly present them in points of error five and six, and the issues will be addressed in those points. Marshall's first and second points are overruled.

In her third and fourth points of error, Marshall argues the court erred in overruling her objections that the charge failed to include past and future medical costs and expenses. At trial, Marshall orally objected to the omission of these damage elements but did not submit to the court the requested question in writing. TEX.R. CIV. P. 278 states:

Failure to submit a question shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment....

*Id.*

Marshall has failed to comply with the rule. The omission of the question from the charge by the trial court is not reversible error. Marshall's third and fourth points of error are overruled.

In her fifth and sixth points, Marshall argues the jury's answer to Special Issues Numbers 2d and 2b, which deny recovery for future physical pain, mental anguish, and physical impairment, were against the great weight and preponderance of the evidence.

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

The evidence regarding the probability of future physical impairment, *mental anguish, and pain consisted of a letter written by Dr. Rapp stating in part:*

This particular problem is intermittent in character and doesn't require any continuous medical care at this time and I am therefore, giving her a release. However, it is likely that she may develop arthritis of the cervical spine as a result of this.

Additionally, Dr. Guinn testified that the injury could be short term or long term depending upon the degree of injury and the response to the therapeutic regiment. And further, that there is a possibility that there could be periods of abatement and remission, which could require future medical care on occasion. He also testified that the discomfort she experiences now "will remmain [sic] with her for as long as we can imagine or conceive." And finally, Dr. Guinn stated that as long as the condition continues, the pain will continue.

Dr. Rapp also testified that Marshall was X-rayed and there were no signs of nerve root impingement or a slipped disk. Marshall also had an EMG to determine if

there was root or nerve injury or a slipped disk and those test results were normal.

It is particularly within the province of the jury to resolve matters of elements of past and future physical pain, mental anguish, and physical impairment, and determine the amounts attributable thereto. *Kennedy v. Missouri Pacific R. Co.,* 778 S.W.2d 552, 557 (Tex.App.—Beaumont 1989, writ denied). Future mental anguish requires subjective determination.

Marshall cites *Kelley v. Atlantic Gulf Stevedores* for the proposition that the failure to award damages for pain and suffering and medical expenses in the face of undisputed testimony is against the great weight and preponderance of the evidence. *Kelley v. Atlantic Gulf Stevedores,* 681 S.W.2d 275, 278 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). In *Kelley* the jury found the appellant suffered injury and loss of future wages, but not for pain and suffering and medical expenses. *Id.* The court in *Kelley* held that there was undisputed testimony on medical expenses and pain and suffering, thus, it was against the great weight of the evidence for the jury not to award any damages. However, this case does not address the issue of future pain and suffering and thus, is not precedent on the issue.

Additionally, Marshall cites *Lawson–Avila Const. v. Stoutamire,* for the holding that sufficient evidence was produced for a finding of physical impairment in the future. *Lawson–Avila Const. v. Stoutamire,* 791 S.W.2d 584 (Tex.App.—San Antonio 1990, writ denied). However, in that case the jury had awarded $10,000.00 in damages and the appellee was cross-appealing the trial court setting aside that finding. *Id.* at 599. In the present case, the jury has not awarded damages for future physical impairment, which we find to be a subjective determination particularly in the province of the jury. *See Kennedy,* 778 S.W.2d at 557.

After considering the evidence, we cannot find the jury's finding so contrary to the *great weight and preponderance of the evidence* to be manifestly unjust. Mar-

shall's fifth and sixth points of error are overruled.

In her seventh and eighth points of error, Marshall argues that as a matter of law there is no evidence to support the jury's finding of "zero" for future physical pain, mental anguish, and physical impairment. When the party having the burden of proof on a special issue appeals from an adverse fact finding, the point of error challenging the legal sufficiency of the evidence should be that the matter was established "as a matter of law." *Croucher,* 660 S.W.2d at 58. However, if a party with the burden of proof incorrectly phrases his point of error and contends there was "no evidence" to support the jury's finding, he has still invoked this court's appellate jurisdiction to consider the contention that the opposite of the finding was established as a matter of law. *See id.*

If an appellant is attacking the legal sufficiency of an adverse finding to a special issue on which he had the burden of proof, the Supreme Court of Texas has stated that the appellant must, as a matter of law, overcome two hurdles. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

As discussed earlier in this opinion, there was evidence that Dr. Rapp found no signs of a nerve root or slipped disk problem, and that Marshall's EMG showed no nerve injury or slipped disk. Thus, there was some evidence to support the jury's finding of no future physical pain, mental anguish, or physical impairment, we need not engage the second prong of the *Holley* test. *Id.* Marshall's seventh and eighth points of error are overruled.

Judgment is affirmed.