**William J. BLASDELL D/B/A Casey's Cars, Appellant,**

v.

**James W. CATALINA and Sheryl D. Catalina D/B/A Catalina Leasings, Appellees.**

**No. A14–92–00823–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1993.

Rehearing Denied Aug. 26, 1993.

Marcus E. Faubion, Houston, for appellant.

Mitchell J. Buchman, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION ON REHEARING

J. CURTISS BROWN, Chief Justice.

We withdraw our opinion of July 1, 1993, and substitute the following opinion. William Blasdell (the appellant) sued James and Sheryl Catalina (the appellees) for charging a usurious rate of interest on a floor plan agreement used to finance inventory on the appellant's car lot. After a bench trial, the trial court entered judgment in favor of the appellees. The appellant raises three points of error. In the first two points, he argues the trial court erred by ruling that the agreement between the parties did not include an absolute obligation to repay principal. In his third point, the appellant argues that even without an absolute obligation to repay principal, the appellees charged and received a usurious rate of interest. We sustain the appellant's third point of error.

Under the agreement, either the appellant or the appellees could purchase cars for the appellant's inventory, and pay for the cars by envelope drafts drawn on the appellees' bank account. After inspecting the titles to the vehicles, the appellees would pay the draft amounts. They would then hold the titles until the appellant sold the cars. Upon sale, the appellant was required to pay the appellees for the amount of the draft, floor plan fees, a ten dollar draft charge, and in some cases, a twenty-five dollar finder's fee. The appellees charged a sixty dollar floor plan fee for vehicles purchased for under five hundred dollars. They charged a floor plan fee equaling ten percent of the purchase price for vehicles costing more than five hundred dollars. The appellant paid an initial floor plan fee for the first thirty day period that a vehicle remained on the lot. This fee was due at the end of the first thirty day period. If the vehicle remained on the lot for more than thirty days, the appellant had to pay a second floor plan fee. This fee was due at the end of the second thirty day period. If a car remained on the lot for more than sixty days, the appellant had to pay off one half of the principal draft amount, as well as a third floor plan fee. Payment of the principal amount, floor plan fees not already paid, draft fees and finder's fees were due upon sale, theft or other loss of each vehicle. The agreement did not specifically provide for repayment of the remaining principal in

the event that a car remained on the lot after payment of a third floor plan fee.

The parties conducted business under this agreement for about four months. During this time, the appellees financed thirty-five vehicles for the appellant. The appellant paid the appellees all sums due under the agreement. He then terminated the agreement, and sued the appellees for charging usurious interest rates. The evidence at trial showed that the floor plan fees on all of the vehicles financed by the appellees exceeded the lawful interest rate of eighteen percent. In fact, the fees charged on several cars doubled the lawful interest rate.

■ The appellees' primary defense at trial was that there was no absolute obligation to repay the loans, and the appellant therefore had no cause of action for usury. They relied on *Holley v. Watts*, 629 S.W.2d 694 (Tex.1982). Reliance upon the language in *Holley v. Watts* is misplaced. That case involved an appeal from an order sustaining a plea of privilege. The plaintiff contested the plea of privilege by asserting that special venue existed in Travis County under TEX.REV.CIV.STAT.ANN. art. 1995 subsection 30. This provision allows a party to sue for usury in the county in which a usurious contract is entered, or in the county where usury is charged or received. In this context, the supreme court stated that the essential elements of usury are: 1) a loan of money; 2) an absolute obligation that the principal be repaid; and 3) the exaction of a greater compensation than allowed by law. *Id.* at 696. Since the documents considered by the trial court in ruling on the plea of privilege were plain on their faces, and did not purport to constitute a loan, the supreme court determined that venue was not proper in Travis County.

■ The present case differs from the *Holley* decision. It involves a judgment entered on the merits, not an order sustaining a plea of privilege. While the written contract does not contain an absolute obligation to repay the principal, and the appellant did not challenge the trial court's finding that the written contract contained the complete agreement of the parties, this does not end the inquiry. Unlike *Holley v. Watts*, it is clear that the appellees loaned money to the appellant. The appellees seek to avoid liability by asserting that the appellant was not absolutely obligated to repay them, even though they charged and received usurious interest on the money loaned. This argument fails. If a person loans money to another, with an absolute obligation that the principal be repaid, and demands interest that exceeds the statutory maximum, a cause of action for usury arises at the time the agreement is entered, before any interest is actually received. *See Danziger v. San Jacinto Sav. Ass'n*, 732 S.W.2d 300, 304 (Tex.1987). However, a person cannot avoid liability for usury charged and received by drafting a contract that does not unequivocally require repayment of the principal. A cause of action for usurious interest charged or received does not require an absolute obligation to repay principal. *See Windhorst v. Adcock Pipe and Supply*, 547 S.W.2d 260, 261 (Tex.1977). This conclusion is supported by cases holding that merely requesting an excessive rate of interest in account statements, pleadings and demand letters constitutes usury. *See Wright Way Spraying Service v. Butler*, 690 S.W.2d 897, 898 (Tex.1985) (account statement); *Moore v. Sabine National Bank of Port Arthur*, 527 S.W.2d 209, 211 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.) (pleadings); *Dryden v. City National Bank of Laredo*, 666 S.W.2d 213, 221 (Tex.App.— San Antonio 1984, writ ref'd n.r.e.) (demand letters). We hold that the appellant proved his cause of action for usury as a matter of law, and sustain the third point of error.

■ The appellant offered evidence showing the amounts of principal, interest and fees on each of the thirty-five cars financed by the appellees. He also offered evidence showing the lawful interest payments for each transaction. The appellant borrowed a total of $33,540.00. The total interest charged for all of the transactions was $6,043.50. The lawful interest payments would have been $571.37. Accordingly, the appellees received $5,472.13 in

excess interest. The appellant is entitled to recover three times the amount of excess interest payments, or $16,416.39. TEX. REV.CIV.STAT.ANN. art. 5069–1.06(1) (Vernon 1987). Furthermore, since the interest payments received by the appellees were more than twice the lawful rate, the appellant is also entitled to recover all principal, interest and fees paid to the appellees. TEX. REV.CIV.STAT.ANN. art. 5069–1.06(2). Adding the total principal, interest paid, and three times the excess interest paid equals $55,999.89 in damages. Article 5609–1.06(2) also provides for the recovery of reasonable attorney's fees. The appellant's attorney testified that reasonable attorney's fees in this case was $12,000.00. This evidence was uncontested. Accordingly, we reverse the judgment of the trial court, and render judgment for $55,999.89, plus $12,000.00 in attorney's fees, in the appellant's favor.