Delancey v. Southern 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00614-CV







Curtis L. Delancey, and Curtis L. Delancey,


 d/b/a Flash Wrecker Service, Appellants




v.




Southern County Mutual Insurance Company, Appellee









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 92-05241, HONORABLE JERRY DELLANA, JUDGE PRESIDING








 Appellants Curtis L. Delancey, individually and d/b/a Flash Wrecker Service
(hereinafter collectively as "Delancey"), appeal from a judgment of the trial court (1) setting aside
a sheriff's sale of a 1992 Ford Mustang, (2) declaring appellee Southern Mutual Insurance
Company to be the owner of the car, (3) awarding appellee possession of the car, and (4)
awarding appellee attorney's fees. We will affirm the trial court's judgment.



BACKGROUND


 On October 29, 1991, a 1992 Ford Mustang was stolen from the lot of Lone Star
Ford, a car dealership in Houston. That same day, Lone Star Ford reported the car stolen. 
Appellee, as insurer of the car, paid the claim. Two days later, Delancey recovered the car in
Austin and towed the car to a storage lot in Del Valle. The tow slip incorrectly identified the car
as a 1987 Ford Mustang.

 Delancey placed a notice in the Austin-American Statesman. The ad stated that the
Austin Police Department ("APD") would sell certain vehicles, including a 1987 Ford Mustang,
at public auction unless the vehicles' accrued towing and storage charges were paid within ten
days. Ten days later, Delancey notified the Travis County Sheriff's Office that he had an
abandoned 1987 Ford Mustang ready for auction. Tex. Rev. Civ. Stat. Ann. art. 4477-9a., § 5.05
(West Supp. 1995). Appellants presented evidence that both Delancey and a deputy sheriff
checked the law enforcement computer records to determine whether the car was stolen, to no
avail.

 Shortly thereafter, the sheriff placed a notice in the Austin-American Statesman
stating that on February 7 he would auction abandoned vehicles, including a 1987 Ford Mustang. 
On the date advertised, Delancey, as sole bidder, bought the car for ten dollars.

 Delancey applied to the Texas Department of Transportation for a certificate of title
to the car. A Department employee in turn contacted Sergeant Suitt at the APD. Suitt ran a
computer check and discovered that the car had been reported and was listed as stolen. The
Department of Public Safety informed Suitt that no one had made previous inquiries about the car. 
The APD subsequently recovered the car.

 The parties sought a hearing in the justice court pursuant to Article 47.01a of the
Texas Code of Criminal Procedure ("Code") to determine possessory rights to the car. Both
Delancey and Charles McKeown, appellee's claims adjuster, were present. The justice court
awarded possession of the car to Delancey.

 Appellee then filed this suit in district court to set aside the sheriff's sale and to
obtain judgment declaring that appellee was the rightful owner of the car. The trial court rendered
judgment setting aside the sheriff's sale, declaring appellee to be the rightful owner of the car, and
awarding appellee one thousand dollars in attorney's fees. Delancey filed this appeal.



DISCUSSION


Res Judicata

 In point of error sixteen, appellants argue that the trial court erred in awarding the
car to appellee. Delancey maintains that because the justice court awarded possession to him, the
doctrine of res judicata bars relitigation of ownership. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.004(a) (West 1986). Appellee responds that, because appellants failed to offer into evidence
the justice court's written ruling (or any pleadings from the cause), appellants have not properly
preserved error for review. See Tex. R. App. P. 52(a). Because the statement of facts reveals
that Delancey and McKeown testified about the justice court proceedings, we will address the
issue on the merits.

 Texas Code of Criminal Procedure Article 47.01a authorizes a justice court to hold
a hearing to determine who has "the right to possession of [stolen] property" and to "order the
property delivered to whoever [sic] has the superior right to possession . . . ." Tex. Code Crim.
Proc. Ann. art. 47.01a. Act of June 18, 1987, 70th Leg., R.S., ch. 548, § 1, 1987 Tex. Gen.
Laws 2210 (amended 1993) (emphasis added). (1) By its terms, the statute provides that the hearing
resolves the issue of possessory rights.

 Appellants argue that according to Reimer v. Smith, 663 F.2d 1316 (5th Cir. 1981),
the justice court adjudicated ownership of the vehicle, and consequently, res judicata bars appellee
from claiming ownership in the instant suit. We disagree that Reimer resolves the issue. In
Reimer, the court held that a justice court's determination of ownership rights pursuant to Texas
Code of Criminal Procedure Article 47.02 barred a party from claiming ownership in a later
action. See Reimer, 663 F.2d at 1326. The Reimer court construed Article 47.02 of the Code,
not 47.01a. Article 47.02 expressly provides for a court to adjudicate ownership rights; article
47.01a allows a court only to adjudicate possessory rights. We overrule appellants' sixteenth
point of error.



Proper Notice Under the Litter Abatement Act

 In points of error one through seven, nine through fifteen and seventeen, appellants
argue that the relevant notices given were proper. Consequently, the sheriff's sale was valid, and
the trial court should not have set it aside. Both parties agree that all the relevant notices
incorrectly represented the car as a 1987 Mustang. They differ as to the significance of the
discrepancy. Appellants argue that because the notices contained the correct vehicle identification
number ("VIN"), the notices were adequate. We disagree.

 When an abandoned car is recovered, there must be an attempt to give the true
owner actual notice. Thereafter, before the government can auction a car at public sale, three
notices are required: (1) After the wrecker company tows away the abandoned car, the company
gives newspaper notice telling the public that unless the towing fees are paid in ten days, a law
enforcement agency will auction the car at public sale. Tex. Rev. Civ. Stat. Ann. art. 4477-9a,
§ 5.05(a) (West Supp. 1995). (2) If no one pays the accrued charges, the wrecker company
notifies a law enforcement agency so that it might auction the car. Id. § 5.05(c). (3) The law
enforcement agency then gives newspaper notice telling the public that the car will be sold at
public auction. Id. § 5.03(b).

 At trial, appellee argued and the court found that all three notices were defective
because of the discrepancy in the model year. Actually, the statute explicitly details the notice
criteria for only the last notice in the sequence, the sheriff's newspaper notice of public auction. 
Section 5.03(a) of the Act requires that, "[t]he notice shall describe the year, make, model, and
vehicle identification number of the abandoned motor vehicle. . ." Tex. Rev. Civ. Stat. Ann. art.
4477-9a, § 5.03(a) (West Supp. 1995) (emphasis added). As it is undisputed that the notice
incorrectly reported the year, the notice was defective. 

 Appellants admit that they were obligated to attempt to give actual notice to the
record owner of the car. They testified that the law enforcement computer did not reveal to them
the car was stolen or its true owner. However, Sgt. Suitt testified the information was in the
computer from the date it was stolen but no inquiry was made before his.

 For these reasons, we cannot say the trial court erred in setting aside the sheriff's
sale. We overrule appellants' points of error one through seven, nine through fifteen and
seventeen.



Bona Fide Purchaser for Value

 In point of error eight, Delancey argues that even if the sheriff's sale were properly
set aside, because he is a bona fide purchaser for value, he should not be liable to appellee. We
disagree.

 Delancey, as sole bidder, purchased the car for ten dollars. He claims that this
consideration qualifies as "value" because he was the high bidder and there was no other evidence
at trial concerning the value of the car.

 In deciding a legal sufficiency point of error that attempts to overcome an adverse
fact finding as a matter of law, we must first consider only the evidence and inferences tending
to support the finding of the trier of fact and disregard all evidence to the contrary. If no evidence
supports the finding, we must then examine the entire record to see if the contrary proposition is
established as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989);
Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982); Texas & N.O. R.R. v. Burden, 203 S.W.2d
522, 528-31 (Tex. 1947). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient" Evidence, 69 Tex. L. Rev. 515 (1991); Michol O'Conner, Appealing
Jury Findings, 12 Hous. L. Rev. 65, 78-80 (1974).

 Our review reveals that the record contains some evidence regarding the value of
the car. The vehicle was a new car with only 550 miles on the odometer when it was first
recovered in Austin. McKeown, appellee's claims adjuster, testified that after credit for the
deductible, appellee paid its insured $13,483.29 on its claim for the loss of the car. Delancey
testified that he used the car as collateral to obtain a $25,000 loan. Given this testimony, we
cannot conclude that there was no evidence of the car's value to support the finding (2) that ten
dollars was grossly inadequate value. We overrule appellants' eighth point of error.



Attorney's Fees

 In point of error eighteen, appellants assert that the court erred in awarding appellee
attorney's fees. Appellants' complaint rests upon their position that the declaratory judgment in
appellee's favor was error and must be reversed. They assert no argument or authority otherwise.

 Appellate courts apply the abuse of discretion standard when reviewing the
awarding of attorney's fees in declaratory judgment actions. Oake v. Collin County, 692 S.W.2d
454, 455 (Tex. 1985). Given the record, we cannot conclude that the trial court abused its
discretion. We overrule appellant's eighteenth point of error.



Litter Abatement Act's Constitutionality

 For the first time at oral argument, the question arose as to the constitutionality of
the Litter Abatement Act. The parties did not raise the issue below or in their briefs, and so we
need not address the Act's constitutionality on appeal.



CONCLUSION


 Having overruled all of appellants' points of error, we affirm the judgment of the
trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 1, 1995

Do Not Publish

1.   This version of the statute was effective August 1, 1987 and controlled at the justice
court hearing. 
2.   The issue of whether a bona fide purchaser took for value is a question of fact. See
Neely v. Inter City Management Corp., 623 S.W.2d 942, 952 (Tex. App.--Houston [1st Dist.]
1981, no writ). The trial court framed its finding of inadequate consideration as a conclusion
of law. 


-family: CG Times"> In point of error eight, Delancey argues that even if the sheriff's sale were properly
set aside, because he is a bona fide purchaser for value, he should not be liable to appellee. We
disagree.

 Delancey, as sole bidder, purchased the car for ten dollars. He claims that this
consideration qualifies as "value" because he was the high bidder and there was no other evidence
at trial concerning the value of the car.

 In deciding a legal sufficiency point of error that attempts to overcome an adverse
fact finding as a matter of law, we must first consider only the evidence and inferences tending
to support the finding of the trier of fact and disregard all evidence to the contrary. If no evidence
supports the finding, we must then examine the entire record to see if the contrary proposition is
established as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989);
Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982); Texas & N.O. R.R. v. Burden, 203 S.W.2d
522, 528-31 (Tex. 1947). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient" Evidence, 69 Tex. L. Rev. 515 (1991); Michol O'Conner, Appealing
Jury Findings, 12 Hous. L. Rev. 65, 78-80 (1974).

 Our review reveals that the record contains some evidence regarding the value of
the car. The vehicle was a new car with only 550 miles on the odometer when it was first
recovered in Austin. McKeown, appellee's claims adjuster, testified that after credit for the
deductible, appellee paid its insured $13,483.29 on its claim for the loss of the car. Delancey
testified that he used the car as collateral to obtain a $25,000 loan. Given this testimony, we
cannot conclude that there was no evidence of the car's value to support the finding (2) that ten
dollars was grossly inadequate value. We overrule appellants' eighth point of error.



Attorney's Fees

 In point of error eighteen, appellants assert that the court erred in awarding appellee
attorney's fees. Appellants' complaint rests upon their position that the declaratory judgment in
appellee's favor was error and must be reversed. They assert no argument or authority otherwise.

 Appellate courts apply the abuse of discretion standard when reviewing the
awarding of attorney's fees in declaratory judgment actions. Oake v. Collin County, 692 S.W.2d
454, 455 (Tex. 1985). Given the record, we cannot conclude that the trial court abused its
discretion. We overrule appellant's eighteenth point of error.



Litter Abatement Act's Constitutionality

 For the first time at oral argument, the question arose as to the constitutionality of
the Litter Abatement Act. The parties did not raise the issue below or in their briefs, and so we
need not address the Act's constitutionality on appeal.



CONCLUSION


 Having overruled all of appellants' points of error, we affirm the judgment of the
trial court.