cv5-580.dd.southwestern 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00580-CV







Southwestern Resolution Corporation, Appellant



v.



Vernon Lee Watson, individually, and First Texas Realty Corporation, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C93-393B, HONORABLE BILL BENDER, JUDGE PRESIDING







PER CURIAM



 Southwestern Resolution Corporation appeals a take-nothing judgment favoring Vernon
Lee Watson, individually, and First Texas Realty Corporation. The jury failed to find that a plain piece of
paper containing indorsements was properly affixed to a negotiable promissory note. Based on the jury's
response, the court ruled that Southwestern, who claimed holder status under an indorsement on the plain
paper, could not recover on the note and related guaranty. Southwestern challenges the jury's failure to
find affixation, as well as jury findings that Southwestern should recover no damages or attorney's fees. 
We will affirm the judgment.

 First Texas executed a promissory note for $85,000 payable to Canyon Lake Bank. 
Watson personally guarantied the note. The Federal Deposit Insurance Corporation acquired the note as
receiver for Canyon Lake Bank. The FDIC indorsed the note without recourse to Intervest Capital
Corporation. These indorsements filled the space allotted on the note itself. Attached to the note at trial
was a plain white page which accompanied the note at trial. On the plain page were indorsements from
Intervest to Dosohs, Inc., and from Dosohs to Southwestern.

 The critical issue--the subject of points of error one and two--is whether the plain page
was sufficiently firmly attached to the note to support negotiation. Southwestern challenges the jury's failure
to find that the page containing the indorsements was so firmly affixed to the note that it became part
thereof. Southwestern complains that the court should not have submitted the question to the jury, that no
evidence supported the failure to find, and that the court erred by overruling Southwestern's motion for
judgment notwithstanding the verdict. Southwestern alternatively contends that it established the contrary
proposition--that the plain page was properly affixed--as a matter of law.

 The alternative pleading provides the proper standard of review because Southwestern
bore the burden of proof on the issue of affixation. See Sterner v. Marathon Oil Co., 767 S.W.2d 686,
690 (Tex. 1989); Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). Generally, plaintiffs bear the
burden of proof. Southwestern urges that it did not bear the burden of proof because Watson and First
Texas did not file a verified denial of the genuineness of the indorsement. Tex. R. Civ. P. 93(8). Failure
to file such a denial when required causes the indorsement to be held as fully proved. Tex. R. Civ. P.
93(8); see also Tex. Bus. & Com. Code Ann. § 3.307(a) (West 1994). (1) Southwestern argues that it
therefore is the possessor of a note under presumed genuine indorsements and as such is a holder and
entitled to recover absent proof of a defense. See Code § 3.307(b). The dispute here, however, is not
over the genuineness of the indorsements but whether the indorsements were part of this note. An
indorsement not written on the instrument itself must be "on a paper so firmly affixed [to the instrument] as
to become a part thereof." Code § 3.202(b). The section in the old code followed decisions holding that
affixation is not sufficient if the separate paper is pinned or clipped to the instrument--the separate paper
must be so affixed that it becomes an extension or part of the instrument. Code § 3.202(b), Comment 3. 
If the paper is not firmly affixed, the party possessing the instrument is merely a transferee, not a holder,
and is not entitled to the presumptions favoring a holder. Crossland Sav. Bank, FSB v. Constant, 737
S.W.2d 19, 21 (Tex. App.--Corpus Christi 1987, no writ). Without a finding that the indorsements under
which Southwestern claims holder status are legitimately part of the note, Southwestern is not a holder and
is not entitled to the presumptions of being a holder. No necessary verified denial is missing and there is
no cause to reverse the normal burden of proof. Southwestern bore the burden of proof and must show
on appeal that it is entitled to judgment as a matter of law.

 All three of the challenges--to the validity of the nonfinding, to the submission of the
question, and to the denial of the judgment notwithstanding the verdict--require a similar test. See Elbaor
v. Smith, 845 S.W.2d 240, 243 (Tex. 1992) (submission of question); Sterner, 767 S.W.2d at 690
(nonfinding); Crosbyton Seed Co. v. Mechura Farms, 875 S.W.2d 353, 363-64 (Tex. App.--Corpus
Christi 1994, no writ) (reviewing denial of motion for j.n.o.v.). We first consider the evidence and
inferences supporting the nonfindings and ignore all contrary evidence and inferences; if, after viewing the
evidence in the light most favorable to the verdict, we find some evidence to support the jury's failure to
find, our inquiry ceases and we must overrule the assigned error. See Elbaor, 845 S.W.2d at 243;
Sterner, 767 S.W.2d at 690; Mechura Farms, 875 S.W.2d at 364. If we find no evidence to support
the nonfinding, we review the entire record to determine if the contrary proposition is established as a
matter of law. Sterner, 767 S.W.2d at 690.

 Both Watson and Southwestern's Charles Hummel testified regarding affixation. The plain
paper was stapled to the note at trial, but there were many extra holes in the paper. Nothing on the plain
paper referred to the note. Hummel testified that, when he received the note, the plain paper was stapled,
paper-clipped, and taped to the note; he later said he could not recall exactly how the paper was attached
to the note, only that it was attached when he received the note. He did not remember how many staples
were used. He testified that the paper had been removed from the note several times for photocopying,
then reattached. Watson testified that he had never seen the paper attached to the note. 

 The detachment of the paper opened the door for the jury's failure to find that the note was
so firmly attached as to become part of the note. Hummel's uncertainty as to the method of attachment
weakened the case for a finding of affixation. The jury had the note and the paper before them at trial and
could decide whether the extra holes in the note and the paper matched up in support of Hummel's
explanation. We cannot say that the evidence was legally insufficient to support their failure to find that the
paper was sufficiently affixed. We overrule points one and two.

 By points of error three and four, Southwestern complains of the findings that it was entitled
to no damages and no attorney's fees. Southwestern is entitled to recover only if it prevails on liability. Any
error in these findings is harmless because we have affirmed the jury's nonfinding that precluded
Southwestern from recovering against Watson and First Texas. We overrule points three and four.

 By point of error five, Southwestern challenges the trial-court's determination of the date
Southwestern received notice of the judgment. Southwestern, however, failed to include as part of the
appellate record a statement of facts of the hearing on the motion to determine the date of notice. The
appellant has the burden to see that we have before us a record sufficient to show error requiring reversal. 
Tex. R. App. P. 50(d). Without the statement of facts of the hearing before us, we must presume that the
trial court had before it sufficient evidence to support its determination. Simon v. York Crane & Rigging
Co., 739 S.W.2d 793, 795 (Tex. 1987). We overrule point five.

 We therefore need not address points of error six through eight by which Southwestern
wished to challenge the factual sufficiency of the evidence of the findings challenged by points one through
four. Based on the date the trial court determined Southwestern received notice, Southwestern's motion
for new trial was untimely and cannot be considered. Without the motion for new trial, Southwestern has
no right to challenge the factual sufficiency on appeal. Tex. R. App. P. 52(d); Tex. R. Civ. P. 324(b)(2).


 We affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 20, 1996

Do Not Publish
1.   This cause arose before the 1995 amendments to Texas's version of the Uniform
Commercial Code, found in pocket-part supplement to the Business and Commerce Code. 
This cause is governed by the pre-amendment sections, found in the 1994 main volume. For
convenience, we cite to the applicable former sections as they are found in the main volume
rather than using the customary, but more cumbersome, session-law citation format. We will
refer to the old code sections simply as "Code."



rms, 875 S.W.2d 353, 363-64 (Tex. App.--Corpus
Christi 1994, no writ) (reviewing denial of motion for j.n.o.v.). We first consider the evidence and
inferences supporting the nonfindings and ignore all contrary evidence and inferences; if, after viewing the
evidence in the light most favorable to the verdict, we find some evidence to support the jury's failure to
find, our inquiry ceases and we must overrule the assigned error. See Elbaor, 845 S.W.2d at 243;
Sterner, 767 S.W.2d at 690; Mechura Farms, 875 S.W.2d at 364. If we find no evidence to support
the nonfinding, we review the entire record to determine if the contrary proposition is established as a
matter of law. Sterner, 767 S.W.2d at 690.

 Both Watson and Southwestern's Charles Hummel testified regarding affixation. The plain
paper was stapled to the note at trial, but there were many extra holes in the paper. Nothing on the plain
paper referred to the note. Hummel testified that, when he received the note, the plain paper was stapled,
paper-clipped, and taped to the note; he later said he could not recall exactly how the paper was attached
to the note, only that it was attached when he received the note. He did not remember how many staples
were used. He testified that the paper had been removed from the note several times for photocopying,
then reattached. Watson testified that he had never seen the paper attached to the note. 

 The detachment of the paper opened the door for the jury's failure to find that the note was
so firmly attached as to become part of the note. Hummel's uncertainty as to the method of attachment
weakened the case for a finding of affixation. The jury had the note and the paper before them at trial and
could decide whether the extra holes in the note and the paper matched up in support of Hummel's
explanation. We cannot say that the evidence was legally insufficient to support their failure to find that the
paper was sufficiently affixed. We overrule points one and two.

 By points of error three and four, Southwestern complains of the findings that it was entitled
to no damages and no attorney's fees. Southwestern is entitled to recover only if it prevails on liability. Any
error in these findings is harmless because we have affirmed the jury's nonfinding that precluded
Southwestern from recovering against Watson and First Texas. We overrule points three and four.

 By point of error five, Southwestern challenges the trial-court's determination of the date
Southwestern received notice of the judgment. Southwestern, however, failed to include as part of the
appellate record a statement of facts of the hearing on the motion to determine the date of notice. The
appellant has the burden to see that we have before us a record sufficient to show error requiring reversal. 
Tex. R. App. P. 50(d). Without the statement of facts of the hearing before us, we must presume that the
trial court had before it sufficient evidence to support its determination. Simon v. York Crane & Rigging
Co., 739 S.W.2d 793, 795 (Tex. 1987). We overrule