**AFFIRM in Part, REVERSE in Part, and RENDER; Opinion Filed August 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00903-CV

## U.S. BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2013-IT, Appellant
## V.
## MASARRAT A. KHAN AND KAHN A. AHMED, Appellees

### On Appeal from the County Court at Law No. 1
### Dallas County, Texas
### Trial Court Cause No. CC-14-02208-A

## MEMORANDUM OPINION
Before Justices Bridges, Lang and Schenck
Opinion by Justice Schenck

In this forcible detainer action, U.S. Bank, as trustee, appeals the trial court's judgment awarding possession of certain real property to U.S. Bank as against any claim of appellee Masarrat Khan, but not as to her husband, Ahmed Khan, and all other occupants of the property.[1]  On appeal, U.S. Bank claims the trial court erred in not awarding U.S. Bank possession as to Ahmad Kahn and all other occupants.  After examining the record and reviewing the applicable law, we conclude U.S. Bank is entitled to an award of possession of the property as to all occupants of the property, including appellee Ahmed Khan.  We reverse the trial court's judgment as it relates to Mr. Khan and all other occupants, and render judgment for U.S. Bank.

---

[1] We note that the underlying case was styled *U.S. Bank v. Masarrat A. Khan and Khan A. Ahmed and All Other Occupants*, not *U.S. Bank v. Masarrat A. Khan and Ahmed A. Khan and All Other Occupants*.  Nevertheless, Masarrat A. Khan and Ahmed A. Khan appeared in that case as *pro se* defendants and filed a Motion for Continuance and a Motion for Dismissal in the names of Masarrat Khan and Ahmed A. Khan and All Other Occupants.  In addition, Ahmed A. Khan appeared and participated in the trial before the county court at law.  We therefore conclude that Ahmed A. Khan was a defendant in that case.

# BACKGROUND

In connection with their purchase of property located at 620 Sheffield Drive in Richardson, Texas (the "property"), the Khans executed a promissory note secured by a deed of trust on the property for the benefit of their lender. In the event the Khans defaulted on the note, the deed of trust provided the lender with remedies, including the power to sell the property at foreclosure. The deed of trust further provided that after foreclosure, the Kahns would become tenants at sufferance if they failed to immediately surrender possession. As tenants at sufferance, the Kahns would be subject to a forcible detainer action if they refused to vacate the property after the owner gave notice to vacate.

The Khans defaulted on the note. As a result, their lender foreclosed on the property. U.S. Bank purchased the property at the foreclosure sale. At that time, the Kahns were still in possession of the property. Accordingly, U.S. Bank sent three separate notices, one addressed to Mrs. Kahn, one to Mr. Khan, and one to all occupants of the property, demanding that they vacate the property within three days. They refused to do so. U.S. Bank then filed a forcible detainer action in the justice court seeking possession of the property. The justice court awarded U.S. Bank sole possession of the property, and the Kahns appealed the judgment to County Court at Law Number One.

At a bench trial in the county court, U.S. Bank entered into evidence a business records affidavit authenticating the three notices it sent by certified mail, return receipt requested, to Mrs. Kahn, Mr. Kahn and all other occupants of the property and photocopies of certified mail return receipt confirmations signed by Mrs. Kahn. At the conclusion of the trial, the county court ruled that U.S. Bank was entitled to recover possession from Mrs. Kahn, but not from Mr. Kahn. The trial judge stated she was not awarding possession as to Mr. Kahn because U.S. Bank did not prove that he received the notice. The court then entered a judgment awarding U.S. Bank

–2–

possession as to Mrs. Kahn, but not as to Mr. Kahn and all other occupants of the property. This appeal followed.

STANDARD OF REVIEW

In a single issue, U.S. Bank claims the trial court improperly adjudged only Mrs. Kahn guilty of forcible detainer. U.S. Bank does not state whether it intends to challenge the legal or factual sufficiency of the evidence. Under such a circumstance, we look to the wording of the issues and arguments to best determine the intent of U.S. Bank. *See U.S. Bank Nat'l Ass'n v. Farhi,* No. 05-07-01539-CV, 2009 WL 2414484, at \*1 (Tex. App.—Dallas, August 7, 2009, no pet.) (citing *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex. 1982). Having done so, we conclude U.S. Bank challenges the legal sufficiency of the evidence to support the trial court's refusal to issue a writ of possession as to Mr. Kahn and all other occupants.

When a party attacks the legal sufficiency of an adverse finding regarding an issue on which it had the burden of proof, the party must demonstrate on appeal that the evidence established the operative fact in its favor as a matter of law. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001) (per curiam) (citing *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989)).

Here, the only issue at trial was whether U.S. Bank gave each of the Kahns and any other occupants of the property notice to vacate before filing suit. U.S. Bank had the burden of proving it complied with the notice provision applicable to forcible entry and detainer actions. Therefore, on appeal, we must determine whether U.S. Bank established, as a matter of law, that it sent the required notice. In doing so, we first examine the record for evidence that supports the trial court's ruling, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690. If there is no evidence to support the ruling, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* at 690.

DISCUSSION

Because a forcible detainer only occurs if the occupant refuses to surrender possession upon demand, the owner must demand possession before it can file a forcible detainer suit. TEX. PROP. CODE ANN. § 24.005(b) (West 2014). The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for a notice to vacate under section 24.005 of the Texas Property Code. *Id.* at § 24.002(b). Section 24.005 requires that the notice be given in person or by mail at the premises in question. TEX. PROP. CODE ANN. § 24.005(f). Notice by mail may be by regular, registered or certified mail. TEX. PROP. CODE ANN. § 24.005(f). Neither method of delivery requires that a notice specifically address particular occupants. *Khalilnia v. Fed. Home Loan Mortg. Co.,* No. 01-12-00573-CV, 2003 WL 1183311, at *3 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Rather, the statute's broad language about the acceptable recipients of notice permits a general notice to the occupants of the property. *Id.*

We now examine the record to determine whether U.S. Bank satisfied the statute's notice requirement. The reporter's record of the trial, which consists of only three pages, reveals that only U.S. Bank and Mr. Kahn appeared at trial. At trial, Mr. Kahn testified that he did not recall receiving the notice to vacate. This testimony does not support the trial court's ruling against U.S. Bank as to Mr. Kahn and all other occupants because the notice only had to be mailed to the property. *See Weatherbee v. GMAC Mortg., LLC*, No. 01–11–00546–CV, 2012 WL 1454494 at *5 (Tex. App.—Houston [1st Dist.] April 26, 2012, pet. dism'd). Whether Mr. Kahn received the notice is not determinative of whether notice was given. We now review the entire record to determine whether it establishes U.S. Bank gave the required notice. The record includes three letters U.S. Bank's counsel sent to Mrs. Kahn, Mr. Kahn and all other occupants of the property giving them each and collectively notice to vacate the property within three days of delivery of

–4–

the letters. These letters contained the notice required by section 24.005 of the Texas Property Code. In addition, the record includes the return receipt confirmations signed by Mrs. Kahn establishing the letters were received at the notice address. This evidence establishes U.S. Bank sent the notices by mail to the property and thereby complied with section 24.005 of the Texas Property Code. Thus, U.S. Bank is entitled to unqualified possession of the property. We sustain U.S. Bank's sole issue.

## CONCLUSION

We reverse the trial court's judgment as to Ahmed A. Khan and all other occupants of the property, we affirm the trial court's judgment as to Masarrat A. Kahn, and we render judgment in favor of U.S. Bank. *See* TEX. R. APP. P. 43.2(c) (providing appellate court may reverse trial court's judgment in part and render judgment trial court should have rendered).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

140903F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

U.S. BANK, NATIONAL ASSOCIATION,
Appellant

No. 05-14-00903-CV     V.

MASSARRAT A. KHAN, ET AL.,
Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-14-02208-A.
Opinion delivered by Justice Schenck.
Justices Bridges and Lang participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment as to Ahmad A. Khan and all other occupants.. In all other respects, the trial court's judgment is **AFFIRMED**. We **RENDER** judgment in favor of U.S. Bank, National Association as to Ahmad A. Khan and all other occupant.

     It is **ORDERED** that appellant U.S. BANK, NATIONAL ASSOCIATION recover its costs of this appeal from appellees MASSARRAT A. KHAN, ET AL.

Judgment entered this 11th day of August, 2015.