Affirmed and Opinion filed _____________, 2002
















Affirmed and Memorandum
Opinion filed February 13, 2003.                                                        

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00085-CV

____________

 

YUCCA
SUPPLY COMPANY, Appellant

 

V.

 

CONTINENTAL
OPERATING COMPANY, Appellee

 

 



On Appeal from the
157th District Court

Harris County,
Texas

Trial
Court Cause No.  98-32894

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

Appellant Yucca Supply Company sued appellee
Continental Operating Company for amounts due for drilling-mud supplies and
services it provided.  Continental
responded with a claim for damages allegedly caused by Yucca’s negligence in
performing those services.  The jury
found in favor of Continental, and judgment was entered awarding Continental
approximately $60,000 in damages. 
Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.1.  The facts of
this appeal are known to the parties, so we do not repeat them here.  

Contract Claim

            In its
first issue, Yucca alleges the trial court should have granted judgment n.o.v. in its favor on its breach of contract claim.  Judgment n.o.v. is
proper only if no evidence supports the jury’s finding.  See
Brown v. Bank of Galveston, N.A., 963
S.W.2d 511, 513 (Tex. 1998).  

            Continental presented
testimony by participants and an expert that the standard practice in the
oilfield service industry since the mid-1980s has been to submit bids with list
prices, but discount those prices in a side letter that reflects current
economic conditions.  Side letters from
two of Yucca’s competitors for this job were admitted showing substantial
discounts from their list prices.  Continental’s contracting representative
testified he told Yucca representatives they would be hired only if their
prices were competitive.  Yucca’s
representative admitted he was aware of discounting in the industry, and was
informed that his prices had to be competitive, but asserted he did not agree
to discount list prices in this case.  Continental
claimed it was not aware Yucca was using undiscounted list prices until after
the well was completed. 

There was conflicting evidence whether the parties
agreed to Yucca’s list prices or to a discount on those prices.  Accordingly, the trial court properly
submitted this issue to the jury.  We
overrule Yucca’s objection.

Quantum Meruit

            Alternatively, Yucca
asserts in its first issue the trial court should have rendered judgment in its
favor on its quantum meruit claim.  On Continental’s motion, the trial court disregarded the jury’s
quantum meruit finding in Yucca’s favor; this was
proper only if the finding was either unsupported by the evidence or
immaterial.  See Spencer v. Eagle Star Ins. Co. of America, 876
S.W.2d 154, 157 (Tex. 1994).  

            Continental argues the issue was
immaterial because recovery in quantum meruit is
unavailable if there is an express contract. 
See Truly v. Austin, 744
S.W.2d 934, 936 (Tex. 1988).  When a valid agreement addresses a matter,
recovery under an equitable theory (like quantum meruit)
is unavailable.  Fortune Production Co. v. Conoco, Inc., 52 S.W.3d
671, 684 (Tex. 2000).  As was its duty, Continental requested an
issue asking whether the parties had a valid agreement.  Id. at 685.  But at Yucca’s
insistence (and over Continental’s objection), the following broad-form
question was submitted to the jury:

Did
Continental fail to comply with its agreement, if any, with Yucca?

An
“agreement” means the bargain of the parties in fact, as found in their
language or by implication from other circumstances, including course of
dealing or usage of trade or course of performance.  An agreement may be made in any manner
sufficient to show agreement, including conduct by both parties which
recognizes the existence of such an agreement. 


If
Yucca and Continental agreed to other essential terms but failed to agree on
price, it is presumed a reasonable price was intended.  In considering whether the parties reached an
agreement on price, you may consider what they said and did in light of the
surrounding circumstances.  You may not
consider the parties’ unexpressed thoughts or intentions. 

Answer:
   No  .

This question
made quantum meruit immaterial: if the parties agreed
to a price, that price would control; if they did not and a “reasonable price”
was implied, recovery of the “reasonable value” through quantum meruit would be unnecessary and duplicative.

Here,
the only dispute between the parties regarding their agreement concerned the
contract price.  The instructions Yucca
requested left the jury no choice but to find that a valid agreement
existed—either at the price urged by one of the parties, or at “a reasonable
price.”  Having requested an issue that
required the jury (under the facts of this case) to find there was a contract,
Yucca cannot now argue there was none. 
We overrule the first issue.

 

Negligence

            In its sixth issue,
Yucca challenges the legal and factual sufficiency to support the jury’s
finding that it was negligent.  We apply
the usual standards of review.  See Southwest Key Program, Inc. v. Gil-Perez,
81 S.W.3d 269, 274 (Tex. 2002) (legal sufficiency);
Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (factual
sufficiency).

            The record shows Yucca
assigned one mud engineer to the drill site, who
accordingly was on the well all day every day, sleeping whenever feasible in a nearby
trailer. The “near blow-out” that required the well to be shut in and
Continental to incur repair costs occurred in the early morning hours when he
was asleep.  For some reason, the mud
monitors that should have warned of the impending danger failed to do so.  

There was conflicting testimony as to the cause of the
accident, whether Yucca should have assigned more employees to the well,
whether its engineer picked an inopportune time to rest, and whether he
properly notified other workers that he was retiring and transferred his duties
to them.  There was also factual and
expert testimony that Yucca had primary responsibility for monitoring mud
volume, and the failure to notice a dangerous increase in the level of mud in
the surface pits caused the accident. 
The jury found both parties negligent, assigning 45% of the fault to Continental
and 55% to Yucca.  

We find this evidence was legally and factually sufficient
to support the jury’s finding of negligence. 
We overrule the sixth issue.  

Evidentiary Issues

            In its second issue,
Yucca argues the trial court erred in admitting evidence of “customary
discounts.”  Testimony regarding custom
and usage in an industry is admissible when a contract’s terms are ambiguous.  Texas Gas Exploration Corp. v. Broughton Offshore Ltd. II, 790
S.W.2d 781, 785 (Tex. App.—Houston [14th Dist.]1990, no writ).  Here there was no signed contract between the
parties.  Yucca argues that Continental
accepted its list prices, but admitted it was told its prices had to be
“competitive.”  Without extrinsic
evidence or a standard industry reference, this term was ambiguous, and the
trial court properly admitted evidence of what competitive prices were.  We overrule the second issue.

            In its third issue,
Yucca argues the trial court erred in admitting evidence of its alleged
profits.  In its alternative quantum meruit claim, Yucca was seeking the “reasonable value” of
the work it performed.  Yucca does not
explain why it is entitled to present evidence of a reasonable value but
exclude any evidence of how much of that value represented profit.  We overrule the third issue.

            In its seventh issue,
Yucca argues the trial court erred in failing to admit evidence that
Continental “cooked up” its negligence counterclaim only after Yucca threatened
to sue for breach.  The trial court
admitted evidence that Continental asserted negligence only after the well was
completed, and allowed Yucca to suggest during cross-examination that the idea
of negligence was suggested to Continental’s expert by Continental’s
lawyer.  Yucca points only to two letters
the trial court excluded, both of which were sent by Continental’s lawyer in
attempt to settle the case without litigation. 
These were inadmissible.  See Tex. R. Evid. 408; Tatum
v.  Progressive
Polymers, Inc., 881 S.W.2d 835, 837 (Tex. App.—Tyler
1994, no writ).  We overrule the
seventh issue.

Attorney’s Fees and Interest

            In its fourth and fifth
issues, Yucca asserts the court erred in failing to award it attorney’s fees or
interest.  But because Yucca recovered no
damages, it was entitled to neither.  The
fourth and fifth issues are overruled.

Cross-Issue

            Continental
conditionally raises insufficiency of the evidence to support the jury finding
as to the reasonable value of Yucca’s compensable work.  As we are affirming the judgment in favor of
Continental, we need not reach this cross-issue and it is overruled.

            Appellant’s issues are
overruled, and the judgment is affirmed.

 

 

 

 

                                                                                                                                                                                                                                    

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February
 13, 2003.

Panel consists of Chief Justice Brister and Justices Fowler
and Edelman.